679 A.2d 1297

**COMMONWEALTH of Pennsylvania**

v.

**Michael JONES, Appellant.**

Superior Court of Pennsylvania.

Submitted March 25, 1996.

Filed July 10, 1996.

John W. Packel, Asst. Public Defender, Philadelphia, for appellant.

Peter J. Gardner, Asst. Dist. Atty., Philadelphia, for Commonwealth, appellee.

Before CAVANAUGH, JOHNSON and MONTEMURO *, JJ.

JOHNSON, Judge.

In this appeal, we are asked to determine whether the trial court erred in denying Michael Jones's writ of certiorari where Jones was not brought to trial within the 120–day time period prescribed by Pa.R.Crim.P. 6013(a)(2). Because we find that the Commonwealth failed to establish that it acted with due diligence in bringing the case to trial, we reverse and remand this matter to Municipal Court with directions to discharge Jones.

On September 15, 1994, Jones was arrested and charged with violations of the Uniform Firearms Act. Jones was arraigned the following day. On November 2, 1994, the case was listed for a status hearing in Municipal Court. A second status listing was scheduled for November 30, 1994, in order to complete pre-trial discovery. A defendant must be brought to trial within 120 days of his preliminary arraignment under Pa.R.Crim.P. 6013(a)(2). Thus, to comply with Rule 6013, Jones should have been brought to trial by January 13, 1995. Jones's trial, however, was set for January 24, 1995.

Jones made an oral pre-trial motion for a dismissal of the charges on the grounds that the Commonwealth had violated Rule 6013. Jones's motion was denied by the Municipal Court. Following a stipulated bench trial, Jones was convicted of two counts of violating the Uniform Firearms Act and was sentenced to eighteen months' probation. Jones subsequently filed a petition for a writ of certiorari to the Court of Common Pleas; his petition was denied, and this appeal followed.

On appeal, Jones contends that the trial court erred in denying his petition for a writ of certiorari because Jones was

* Retired Justice assigned to Superior Court.

not brought to trial within the 120–day time period required by Pa.R.Crim.P. 6013, and the Commonwealth failed to present evidence demonstrating that it acted with due diligence in bringing the case to trial. We agree.

 When reviewing the denial of a Rule 6013 motion, we are limited to determining

> whether the court abused its discretion or committed an error of law in finding that the Commonwealth was ... duly diligent in bringing [defendant/appellant] to trial within the [120]-day time limit imposed by Rule 6013[ (a)(3) ]. We are limited to the evidence presented at the Rule 6013 hearing and the findings of the trial court, and must view the evidence in a light most favorable to [the Commonwealth] as the prevailing part[y] below.

*Commonwealth v. Nesmith*, 425 Pa.Super. 291, 295, 624 A.2d 1078, 1080–81, appeal denied, 535 Pa. 674, 636 A.2d 633 (1993) (citation omitted).

 Rule 6013 provides, in pertinent part, the following:

**Rule 6013. Prompt Trial—Municipal Court**

\* \* \* \* \* \*

(2) Trial in a Municipal Court case in which a preliminary arraignment is held after June 30, 1975, shall commence no later than 120 days from the date on which the preliminary arraignment is held.

\* \* \* \* \* \*

(c)(1)(i) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court orally or in writing for an order extending the time for commencement of trial. . . .

\* \* \* \* \* \*

(iii) Such motion shall allege facts in support thereof, and shall be granted only upon findings based upon a record showing that trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth and, if the delay is due to the Court's inability to try the defendant within the prescribed period, upon findings based

upon a record showing the causes of the delay and the reasons why the delay cannot be avoided.

Rule 6013 thus requires the Commonwealth to act with due diligence when bringing a defendant to trial and to offer evidence demonstrating that any delay beyond 120 days is unavoidable. *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976). "The Commonwealth acts with due diligence as long as it acted reasonably based on the circumstances." *Cullenen v. Commonwealth*, 138 Pa.Cmwlth. 508, 520, 588 A.2d 988, 994 (1991). We note that the general principles applied to Pa.R.Crim.P. 1100 apply equally to Rule 6013 cases. *See* Pa.R.Crim.P. 6013 Comment.

 Jones asserts that the court erred in denying his petition for a writ of certiorari because the Commonwealth did not prove that it acted with due diligence in bringing him to trial. The Commonwealth did not file a motion for extension on the date of trial. The only evidence offered by the Commonwealth in response to Jones's motion to dismiss was the Quarter Sessions file. It is true that a finding of due diligence may be based on facts contained in uncontested notations in the Quarter Sessions file where those facts indicate that the case was brought to trial on the earliest possible date. *See Commonwealth v. Nellom*, 388 Pa.Super. 314, 565 A.2d 770 (1989) (finding that the Commonwealth acted with due diligence where the Quarter Sessions file indicated that the Commonwealth requested the earliest possible date consistent with the court's business). In this case, however, the Commonwealth conceded at the Rule 6013 hearing that the Quarter Sessions file did not indicate a request for the earliest possible trial date. N.T., January 24, 1995, at 3. Further, the Commonwealth was unable to explain why such a notation was omitted from the file. When the trial court requested the notes of testimony from the hearing, the Commonwealth indicated that there were none. *Id.* at 6. Our supreme court has stated that " '[w]hen a case has possible Rule 1100 problems, prosecutors must do everything reasonable within their power to see that the case is tried on time.' " *Commonwealth v. Browne*, 526 Pa. 83, 89, 584 A.2d 902, 905 (1990), quoting

*Commonwealth v. Smith,* 477 Pa. 424, 428, 383 A.2d 1280, 1282 (1978). Because the record in the present case does not indicate that the Commonwealth took *any* actions to ensure that Jones was brought to trial within the time prescribed by Rule 6013, we find that the trial court abused its discretion in denying Jones's petition for a writ of certiorari.

Based on the foregoing, we reverse the order denying Jones's petition for a writ of certiorari and remand this matter to Municipal Court with directions to discharge Jones.

Order REVERSED. Case REMANDED. Jurisdiction RELINQUISHED.