**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Cassandra A. AARON, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 19, 2002.

Filed July 17, 2002.

Joseph M. Marasco, Bradford, for appellant.

John H. Pavlock, Asst. Dist. Atty., Smethport, for Commonwealth, appellee.

Before DEL SOLE, P.J., JOHNSON, HUDOCK, FORD ELLIOTT, ORIE MELVIN, LALLY–GREEN, TODD, BENDER and BOWES, JJ.

HUDOCK, J.

¶ 1 This is an appeal from the judgment of sentence imposed upon Appellant after she was convicted, at the conclusion of a bench trial, of one count of forgery in connection with an incident involving a sto-

len check.[1] She was sentenced to one year of probation and eighty hours of community service and ordered to pay $3,500.00 in restitution. This timely appeal followed. For the reasons that follow, we vacate the judgment of sentence and discharge Appellant due to the Commonwealth's violation of Pennsylvania Rule of Criminal Procedure 1100.[2]

¶ 2 The pertinent procedural history may be summarized as follows: On October 19, 1998, the Commonwealth filed a criminal complaint against Appellant.[3] On January 21, 1999, Appellant pled not guilty and requested a non-jury trial. On January 3, 2000, Appellant filed her Rule 1100 motion to dismiss. A hearing was held on Appellant's motion on January 19, 2000. At the hearing, the Commonwealth cited the number of pending criminal cases in the county, the time and resources devoted to an unrelated murder trial, and the fact that McKean County had only one judge and a part-time district attorney as reasons to excuse the Commonwealth's violation of Rule 1100. On January 21, 2000, the trial court denied Appellant's motion. After a bench trial on February 1, 2000, the trial court found Appellant guilty of one count of forgery. This appeal followed in which Appellant claims that the trial court erred and/or abused its discretion when it denied her motion to dismiss pursuant to Rule 1100.

¶ 3 In pertinent part, Rule 1100 sets forth time periods in which trial is to commence:

(3) Trial in a court case in which a written complaint is filed against the defendant, where the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.

Pa.R.Crim.P. 1100(a)(3). Further, Rule 1100 provides for certain periods of time to be excluded in determining the period for commencement of trial:

(c) In determining the period for commencement of trial, there shall be excluded therefrom:

(1) the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his or her whereabouts were unknown and could not be determined by due diligence;

(2) any period of time for which the defendant expressly waives Rule 1100;

(3) such period of delay at any stage of the proceedings as results from:

(i) the unavailability of the defendant or the defendant's attorney;

(ii) any continuance granted at the request of the defendant or the defendant's attorney.

Pa.R.Crim.P. 1100(c).

¶ 4 Finally, Rule 1100(g) provides that:

(g) For defendants on bail after the expiration of 365 days, at any time before trial, the defendant or the defendant's attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated. A copy of each such motion shall be served upon the attorney

---

1. 18 Pa.C.S.A. § 4101(a)(2). Appellant was acquitted of one charge of receiving stolen property, 18 Pa.C.S.A. section 903(a)(2).

2. After the trial in this case, former Pennsylvania Rule of Criminal Procedure 1100 was renumbered as Rule 600 and amended March 1, 2000, effective April 1, 2001.

3. In its opinion, the trial court states that the complaint against Appellant was filed on October 13, 1998. However, the complaint itself indicates that it was filed on October 19, 1998, as do other documents contained in the certified record.

for the Commonwealth, who shall also have the right to be heard thereon.

If the court, upon hearing, shall determine that the Commonwealth exercised due diligence and that the circumstances occasioning the postponement were beyond the control of the Commonwealth, the motion to dismiss shall be denied and the case shall be listed for trial on a date certain. If, on the successive listing of the case, the Commonwealth is not prepared to proceed to trial on the date fixed, the court shall determine whether the Commonwealth exercised due diligence in attempting to be prepared to proceed to trial. If, at any time, it is determined that the Commonwealth did not exercise due diligence, the court shall dismiss the charges and discharge the defendant.

Pa.R.Crim.P. 1100(g).

¶ 5 Our standard of review of a trial court's decision regarding Rule 1100 issues is whether the trial court abused its discretion. *Commonwealth v. Hill,* 558 Pa. 238, 244, 736 A.2d 578, 581 (1999). The proper scope of review in determining the propriety of the trial court's ruling is limited to evidence on the record of the Rule 1100 evidentiary hearing and the findings of the lower court. *Commonwealth v. Matis,* 551 Pa. 220, 227, 710 A.2d 12, 15 (1998). In reviewing the trial court's determination, we view the facts in the light most favorable to the prevailing party. *Commonwealth v. Vesel,* 751 A.2d 676, 680 (Pa.Super.2000), *appeal denied,* 563 Pa. 686, 760 A.2d 854 (2000).

¶ 6 Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 1100. *Commonwealth v. Jefferson,* 741 A.2d 222, 225 (Pa.Super.1999), *appeal denied,* 563 Pa. 641, 758 A.2d 1196 (2000). Rule 1100 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. *Id.* In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. *Id.* However, the administrative mandate of Rule 1100 was not designed to insulate the criminally accused from good faith prosecution through no fault of the Commonwealth. *Id.*

¶ 7 Initially, we must determine whether a technical violation of the rule has occurred. We begin our analysis by calculating the "mechanical run date" for Rule 1100 purposes. As our Supreme Court has explained,

> The mechanical run date is the date by which the trial must commence under Rule 1100. It is calculated by adding 365 days (the time for commencing trial under Rule 1100) to the date on which the criminal complaint is filed.... [T]he mechanical run date can be modified or extended by adding to the date any periods of time in which delay is caused by the defendant. Once the mechanical run date is modified accordingly, it then becomes an adjusted run date.

*Commonwealth v. Cook,* 544 Pa. 361, 373 n. 12, 676 A.2d 639, 645 n. 12 (1996), *cert. denied,* 519 U.S. 1119, 117 S.Ct. 967, 136 L.Ed.2d 851 (1997).

¶ 8 In the present case, the criminal complaint was filed on October 19, 1998. Because Appellant was free on bail, the Commonwealth had 365 days to bring her to trial; therefore, Appellant's initial Rule 1100 run date was October 19, 1999. Appellant's trial did not commence until February 1, 2000, which is 470 days after the criminal complaint was filed.

¶ 9 In order to determine whether Appellant was brought to trial within

the time requirements of Rule 1100, we must next determine whether any excludable time exists. *Hill,* 558 Pa. at 250, 736 A.2d at 584. "The term 'excludable time' derives from Rule 1100(c) and refers to any period of time which is excludable from the calculation of determining whether a Rule 1100 violation has occurred." *Id.* Any delay caused by the need to reschedule a trial because of a continuance attributable to the defense constitutes excludable time, even if the defendant was prepared to go to trial at an earlier date. *Cook,* 544 Pa. at 374, 676 A.2d at 645.

¶ 10 The record does not indicate that Appellant requested any continuances, and the trial court stated that "[i]t does not appear that any of the delay may be attributed to [Appellant]." Trial Court Opinion, 11/17/00, at 3. However, the trial court excluded from its calculation of the run date thirty days in October 1999 because the resources of the trial court were allocated to a homicide trial that month. *Id.* We have held that judicial delay can support the grant of an extension of the Rule 1100 run date. *Commonwealth v. Williams,* 726 A.2d 389, 392 (Pa.Super.1999). The delay itself, however, does not constitute excludable time for purposes of calculating the Rule 1100 run date. Rule 1100(c) dictates that only delay imputed to the defense can constitute excludable time. *Matis,* 551 Pa. at 229, 710 A.2d at 16. The thirty days in October did not constitute excludable time as defined by Rule 1100(c), nor does the record reveal any other excludable time. Therefore, Appellant's adjusted run date is the same as her mechanical run date, October 19, 1999.

¶ 11 The Commonwealth did not bring Appellant to trial until February 1, 2000, 105 days after the run date established by Rule 1100. As a result, we conclude that a violation of Rule 1100 did occur in the present case. *See Common-wealth v. Jackson,* 765 A.2d 389, 394 (Pa.Super.2000) (if defendant has not been brought to trial on or before the adjusted run date, Rule 1100 has been violated). Our analysis does not stop at this point, however. A defendant is not entitled to a dismissal of the charges after 365 days if the Commonwealth exercised due diligence in attempting to go to trial. *Matis,* 551 Pa. at 229, 710 A.2d at 16. Due diligence is a fact-specific concept that must be determined on a case-by-case basis. *Hill,* 558 Pa. at 256, 736 A.2d at 588. "Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." *Id.*

¶ 12 After the hearing on the motion to dismiss the charges pursuant to Rule 1100 that took place on January 19, 2000, the trial court determined that the Commonwealth exercised due diligence in bringing Appellant to trial. The trial court concluded that, "[b]ased on the evidence presented in this case, we are persuaded that the Commonwealth has proven by a preponderance of the evidence that it exercised due diligence in bringing [Appellant] to trial." Trial Court Opinion, 11/17/00, at 4. However, the trial court did not explain what specific actions taken by the Commonwealth evidenced its due diligence.

¶ 13 In support of its claim of due diligence, the Commonwealth cited the facts that the Commonwealth's resources were devoted to the homicide trial in October 1999, and that the Commonwealth made reasonable efforts to keep track of the Rule 1100 run dates for all of its criminal cases. N.T., 1/19/00, at 47. These reasons, while purportedly explaining the Commonwealth's delay, do not establish due diligence on the part of the Commonwealth. The record of the hearing on Appellant's motion to dismiss the charges indicates that the Commonwealth

made no request to schedule Appellant's case prior to the Rule 1100 run date. The Court Administrator for McKean County, Joanne Bly, testified that prior to November 19, 1999, no one from the district attorney's office requested that Appellant's case be listed for trial. She also stated that a non-jury trial, which Appellant had requested, would usually take less than a day, and that the longest non-jury trial during her time as court administrator had only lasted half a day. She indicated that non-jury trials were easier to schedule than jury trials because of the shorter amount of time needed to conduct a non-jury trial, and also because there was no need to summon jurors. Julie Comes, a secretary in the district attorney's office, testified that the first time Appellant's case was brought to the attention of the Court Administrator was in a letter on November 19, 1999, listing Appellant's case as one that had a potential Rule 1100 problem.

¶ 14 There is no evidence in the record that the Commonwealth made any effort to bring the case to trial within the time limits imposed by Rule 1100. Our Supreme Court has stated that, "[w]hen a case has possible Rule 1100 problems, prosecutors must do everything reasonable within their power to see that the case is tried on time." *Commonwealth v. Browne*, 526 Pa. 83, 89, 584 A.2d 902, 905 (1990); *accord, Commonwealth v. Jones*, 451 Pa.Super. 428, 679 A.2d 1297, 1299 (1996). Because the record in the present case does not indicate that the Commonwealth took any actions to ensure that Appellant was brought to trial within the time prescribed by Rule 1100, we find that the trial court abused its discretion in denying Appellant's motion to dismiss the charges with prejudice. Based on the foregoing, we vacate the judgment of sentence and remand the matter to the trial court with instructions to discharge Appellant.

¶ 15 Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.

LALLY–GREEN, J. files a concurring statement.

BOWES, J. files a dissenting opinion in which ORIE MELVIN, J., joins.

Concurring statement by LALLY–GREEN, J.

¶ 1 While the Opinion of the dissent reflects a persuasive analysis of the issue before us, I concur in the result of the majority's opinion. I believe the controlling precedent of our Supreme Court compels the majority's result. *Commonwealth v. Hill*, 558 Pa. 238, 736 A.2d 578 (1999); *Commonwealth v. Spence*, 534 Pa. 233, 627 A.2d 1176 (1993). In each of the preceding cases, the Commonwealth's due diligence could be demonstrated once it was shown that the case had been listed for trial *before* the adjusted run date of Rule 600 (formerly Rule 1100). *See also, Commonwealth v. Jackson*, 765 A.2d 389, 394 (Pa.Super.2000).

¶ 2 In Appellant's case, the Commonwealth admits that it listed the case for trial *after* the adjusted run date. Thus, the condition precedent expressed in our judicial precedent to a finding of "due diligence" did not occur in Appellant's case.

¶ 3 Our Supreme Court has emphasized that "due diligence is a fact-specific concept that must be determined on a case-by-case basis." *Hill*, 736 A.2d at 588. Accordingly, and as the dissent suggests, the Commonwealth's due diligence should be a function of the circumstances of the case, whether or not the case is listed for trial after the adjusted run date. I would urge the Supreme Court to refine the standards trial courts use in assessing whether the

Commonwealth has exercised due diligence.

Dissenting opinion by BOWES, J.

¶ 1 Although I agree that a violation of Pennsylvania Rule of Criminal Procedure 1100 (presently Rule 600) occurred in this case, I disagree with the majority's determination that the Commonwealth failed to exercise due diligence in bringing Appellant to trial. I therefore respectfully dissent.

¶ 2 The evidence adduced at the hearing on Appellant's motion to dismiss established that the sole reason for the Rule 1100 violation in this case was the trial court's congested criminal docket. As October 1999 approached, numerous defendants whose Rule 1100 run dates were set to expire before Appellant's date were still awaiting trial in McKean County, and the Commonwealth logically requested that those cases be listed for trial at the earliest opportunity. Due to the high volume of backlogged criminal cases, the limited number of open trial dates, and the fact that there is only one trial judge in McKean County, the Commonwealth knew there was little chance that Appellant's trial would commence before October 19, 1999. When a capital murder trial was slated to begin in early October, the Commonwealth knew with certainty that Appellant could not be tried before that date. Consequently, the Commonwealth waited until November 19, 1999, to contact the McKean County Court Administrator about listing Appellant's case for trial. Unlike the majority, I do not believe that this fact alone leads to the conclusion that Appellant should be discharged.

¶ 3 It is well-settled that delay occasioned by court congestion can provide a reasonable explanation for failure to try a defendant within the time period prescribed by Rule 1100. *Commonwealth v. Spence*, 534 Pa. 233, 627 A.2d 1176 (1993). *See also Commonwealth v. Williams*, 726 A.2d 389 (Pa.Super.1999); *Commonwealth v. Peer*, 454 Pa.Super. 109, 684 A.2d 1077 (1996); *Commonwealth v. Smith*, 524 Pa. 72, 569 A.2d 337 (1990). Furthermore, a criminal defendant is not entitled to dismissal of the charges against him if the pretrial delay was occasioned by circumstances beyond the Commonwealth's control, and the Commonwealth acted with due diligence. *Commonwealth v. Hill*, 558 Pa. 238, 736 A.2d 578 (1999). "Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." *Id.* at 256, 736 A.2d at 588 (citations omitted).

¶ 4 In previous cases where judicial delay has contributed to Rule 1100 violations, Pennsylvania courts have found that the Commonwealth was diligent when it listed the cases for trial before a violation occurred. *See Spence, supra* (Commonwealth exercised due diligence where case was assigned to court in regular course of court's business and trial was delayed because court tried earlier-assigned cases first); *Peer, supra* (Commonwealth exercised due diligence where defendant's trial was scheduled prior to Rule 1100 run date and crowded criminal docket was sole reason for delay); *Smith, supra* (same). Although the Commonwealth admittedly failed to take such action in this case, the majority overlooks the fact that due diligence is a fact-specific concept that may vary from case to case. *Hill, supra.*

¶ 5 The majority's rigid analysis ignores the unique circumstances involved herein. Due to the backlog of older cases and the fact the only trial judge in McKean County was involved in a death penalty trial throughout the month of October, the

Commonwealth knew for a fact that it had no opportunity to try this case before October 19, 1999; indeed, the judge implicitly acknowledged this fact when he denied Appellant's motion to dismiss. Nevertheless, the majority states that the Commonwealth did not take any steps "to ensure that Appellant was brought to trial within the time prescribed by Rule 1100." Majority Opinion at 9. Given the trial court's docket, there was nothing the Commonwealth could do "to ensure" that Appellant was brought to trial within the time prescribed by the Rule. I believe the Commonwealth acted reasonably when it brought the case to the attention of the Court Administrator in the month of November, at the first actual opportunity that it knew a courtroom was available.

¶ 6 The majority concludes that the Commonwealth failed to exercise due diligence in this case because McKean County Court Administrator Joanne Bly testified that no one from the district attorney's office contacted her about scheduling Appellant's bench trial until November 19, 1999. Moreover, since Ms. Bly indicated that bench trials are easier to schedule than jury trials and usually take less than one-half day to complete, the majority suggests that the Commonwealth easily could have tried Appellant before October 19, 1999. Having reviewed the remainder of the testimony presented at the hearing on Appellant's motion to dismiss, I disagree.

¶ 7 The Commonwealth stated on the record that 580 criminal cases were filed in McKean County in 1999. Excluding the month of October, which was devoted entirely to the above-mentioned capital murder trial, Ms. Bly indicated that fifty days were set aside for criminal trials in McKean County in 1999. Twenty criminal defendants were tried in the forty-five days set aside between January and November, and three defendants were tried in December. The following synopsis of the cases that were listed for trial in McKean County between August and December 1999 demonstrates that local prosecutors did everything reasonable within their power to see that several cases with Rule 1100 problems were tried as quickly as possible.

¶ 8 Julie Comes, a secretary in the district attorney's office, testified that five defendants were scheduled for trial during the month of August 1999. Those defendants had the following Rule 1100 run dates: February 18, 1999; March 31, 1999; April 29, 1999; August 6, 1999; and August 31, 1999. Four defendants were scheduled for trial in September 1999. Their run dates were as follows: November 5, 1998; February 13, 1999; August 7, 1999; and September 2, 1999. As noted *supra*, only one defendant was scheduled for trial in October 1999. Four defendants were scheduled for trial in November 1999. Their run dates were April 28, 1999; May 28, 1999; August 21, 1999; and October 29, 1999. Four more defendants were scheduled for trial in December 1999; their run dates were as follows: May 1, 1999; August 19, 1999; August 24, 1999; and September 2, 1999.

¶ 9 Although unable to try numerous defendants within the period prescribed by Rule 1100 for reasons beyond its control, the Commonwealth painstakingly identified and monitored cases with Rule 1100 problems in an effort to schedule them for trial as soon as possible. Indeed, as was her custom, the district attorney sent Ms. Bly a letter in November which stated that Appellant's case needed to be scheduled for trial at the earliest available date. Furthermore, there was no indication that the Commonwealth ever failed to schedule a case on an available trial date or requested a continuance at any proceeding in any case that was pending in McKean County from July until December 1999. As the

Commonwealth did not contribute to the delay or ignore Appellant's right to a speedy trial, I would find that the Commonwealth exercised due diligence under the circumstances.

¶ 10 The result reached by the majority fails to take into account the practical reality of what occurred in McKean County in the fall of 1999. It is apparent from the record that Rule 1100 violations were inevitable, and the Commonwealth made a good faith effort to try every criminal defendant as quickly as possible to avoid prejudicing the defense. Although the majority prefers to decide this case in strict accordance with prior case law, I believe this approach ignores the fact-specific nature of the concept of due diligence and overlooks the sound discretion exercised by the trial court. The judge understood the reason for the Rule 1100 violation in this case and concluded that the Commonwealth exercised due diligence; I see no reason to disturb that determination.

¶ 11 Since Appellant has not demonstrated that she was prejudiced in any way by the delay attributable solely to the trial court's congested docket, I would affirm the judgment of sentence.

ORIE MELVIN, J. joins in this dissenting opinion.