J-A02023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TYRONE JOHNSTON | |
| Appellant | No. 3271 EDA 2013 |

Appeal from the PCRA Order of November 25, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-1300475-2006

BEFORE:  PANELLA, J., LAZARUS, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                    **FILED MARCH 20, 2015**

Tyrone Johnston appeals from the order of November 25, 2013, denying his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A §§ 9541-46.  We affirm.

The underlying facts of this case are not in dispute.  On February 7, 2006, Johnston shot and killed Jamel Conner on the 2800 block of Kensington Avenue in North Philadelphia.  Johnston shot Conner six times in the head and chest at close range over a drug dispute.  Subsequently, on May 15, 2006, Johnston shot Stephanie Labance twice in the head at 2933 Ruth Street in North Philadelphia.  Johnston also killed Labance over a drug dispute, using the same gun with which he shot Conner.  ***See*** PCRA Court Opinion ("P.C.O."), 4/28/2014, at 3-6 (record citations omitted).

In the Conner case, Johnston was arrested by warrant and charged on June 22, 2006. Johnston subsequently was charged in the Labance case on July 14, 2006. On July 13, 2007, the Labance and Conner cases were listed together, and, after several continuances, a bench trial commenced on February 17, 2009.

> On February 26, 2009, following a non-jury trial . . . , [Johnston] was found guilty of two counts of murder of the first degree (H-1), criminal conspiracy (F-1), and two counts of possessing instruments of crime (PIC) (M-1).[1] Sentencing was deferred until March 4, 2009, on which date [the c]ourt sentenced [Johnston] to the mandatory term of life imprisonment[2] for both counts of murder of the first degree.[3] On March 12, 2009, [Johnston] filed post-sentence motions, which [the c]ourt denied on July 8, 2009.
>
> [1] In connection with the killing of Jamel Conner (Conner), CP-51-CR-0004489-2007, [Johnston] was convicted of murder of the first degree, criminal conspiracy, and PIC. In connection with the killing of Stephanie Labance (Labance), CP-51-CR-1300475-2006, [Johnston] was convicted of murder of the first degree and PIC. [Johnston] was represented by Steven Laver, Esquire on the Conner case, and by Bernard Siegel, Esquire, on the Labance case.
>
> [2] 18 Pa.C.S.A. § 1102(a)(1).
>
> [3] As to the conviction for criminal conspiracy in connection with the Conner murder, [Johnston] was sentenced to a consecutive term of not less than 20 nor more than 40 years['] imprisonment. As to the conviction for PIC in connection with the Conner murder, [Johnston] was sentenced to a consecutive term of not less than two-and-a-half years nor more than five years['] imprisonment. As to the conviction for murder of the first degree in connection with the Labance murder, [Johnston] was sentenced to a consecutive term of life imprisonment. And finally, as to the conviction for PIC in connection with the Labance murder, [Johnston] was sentenced to a

consecutive term of not less than two-and-a-half nor more
than five years['] imprisonment.

On July 20, 2009, [Johnston] filed a timely notice of appeal as to
both cases.[4]  On December 9, 2009, [the trial c]ourt filed an
opinion pursuant to Pa.R.A.P. 1925(a) . . . .[5]  Thereafter,
[Johnston's] counsel failed to comply with the briefing schedule
as set forth by the Superior Court.  On June 17, 2010, the
Superior Court dismissed the appeal arising out of the Labance
murder.  On July 13, 2010, the Superior Court dismissed the
appeal arising out of the Conner murder.  [Johnston's] counsel
petitioned the Superior Court to reinstate both appeals.  On July
14, 2010, the Superior Court reinstated the appeal arising out of
the Labance murder; on August 11, 2010, the Superior Court
reinstated the appeal arising out of the Conner murder.
[Johnston's] counsel submitted briefs in connection with the
Labance appeal, allowing that case to progress forward; on
March 20, 2011, the Superior Court affirmed [Johnston's]
judgments of sentence on that case.  On April 11, 2011,
[Johnston] petitioned our Supreme Court for allowance of
appeal, which was denied on September 20, 2011.

[4]  The Superior Court docket number assigned to the case
associated with the Conner murder was 2105 EDA 2009.
The Superior Court docket number assigned to the case
associated with the Labance murder was 2116 EDA 2009.

[5]  This [Pa.R.A.P.] 1925(a) Opinion addressed issues
raised with respect to both the Conner and Labance
appeals—2105 EDA 2009 and 2116 EDA 2009.

Whereas the Labance appeal reached our Commonwealth's
appellate courts on its merits, the Conner appeal was again
dismissed by the Superior Court on September 22, 2010 for
counsel's failure to file a brief.  On November 22, 2010,
[Johnston] filed a *pro se* petition pursuant to the Post[
]Conviction Relief Act (PCRA)[6] seeking reinstatement of his direct
appeal rights on the Conner case.  Due to an administrative
error, the Clerk of Courts failed to appoint an attorney to
represent [Johnston] on collateral attack for more than two
years.[7]  On July 31, 2013, in response to an inquiry in that Court
by [Johnston], our Supreme Court issued an order, directing [the
PCRA c]ourt to resolve [Johnston's] pending PCRA petition within
90 days of the date of the order.  On August 6, 2013, John P.
Cotter, Esquire, having been appointed, entered his appearance

on [Johnston's] behalf. On September 3, 2013, he filed an amended petition, to which the Commonwealth responded on September 27, 2013. In his amended petition, [Johnston] raised two issues: (1) [Johnston] requested reinstatement of [his] direct appeal rights on the Conner case, and (2) [Johnston] claimed that [his] trial counsel was ineffective for failing to litigate a speedy trial motion on the Labance case. On October 4, 2013, without objection from the Commonwealth, [the PCRA c]ourt reinstated [Johnston's] appellate rights on the Conner case *nunc pro tunc*. On November 25, 2013, [the PCRA c]ourt held an evidentiary hearing pursuant to Pa.R.Crim.P. 908 . . . to address [Johnston's] claim that trial counsel was ineffective for failing to litigate a speedy trial motion on the Labance case. At the conclusion of the [Rule] 908 Hearing, [the PCRA c]ourt denied at dismissed [Johnston's] petition.

6 42 Pa.C.S. §§ 9541-[]46.

7 Ordinarily, the Clerk of Courts receives PCRA petitions and alerts chambers when a new PCRA petition has been filed. In this situation, [the PCRA c]ourt first became aware that [Johnston] had filed his November 22, 2010 petition upon receiving our Supreme Court's July 31, 2013 order.

*Id.* at 1-3 (record citations omitted). On July 27, 2013, Johnston timely appealed the denial of his PCRA petition as to his ineffective assistance of counsel claim.[1] On December 9, 2013, pursuant to the PCRA court's order, Johnston filed a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court entered its Pa.R.A.P. 1925(a) opinion on April 28, 2014.

_____

[1] Johnston filed a separate appeal *nunc pro tunc* from the judgment of sentence in the Conner case, which we address at Docket No. 2929 EDA 2013.

- 4 -

In the instant appeal from the court's denial in part of his PCRA petition, Johnston raises one question for our review: "Was trial defense counsel ineffective in failing to file and litigate a pre-trial motion to dismiss the charges with prejudice for lack of speedy trial?" Johnston's Brief at 2.

Specifically, Johnston argues that the PCRA court erred in failing to grant relief where counsel failed to litigate a speedy trial claim, despite "524 days of unexcused delay in bringing the case to trial." **Id.** at 5. We disagree.

Our standard of review on appeal from an order denying a PCRA petition is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **See Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. **See Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). "Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations." **Commonwealth v. Timchak**, 69 A.3d 765, 769 (Pa. Super. 2013) (citation omitted).

The governing legal standard of review of ineffective assistance of counsel claims is well-settled:

> [C]ounsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. **Strickland v. Washington**, 466 U.S. 668 (1984). This Court has described the **Strickland** standard as tripartite by

dividing the performance element into two distinct components. ***Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987). Accordingly, to prove [trial] counsel ineffective, the petitioner must demonstrate that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner was prejudiced by counsel's act or omission. ***Id.*** A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs.

***Commonwealth v. Busanet***, 54 A.3d 35, 45 (Pa. 2012) (citations formatted).

We review Johnston's ineffectiveness claim by proceeding to the arguable merit prong of his argument. We consider Johnston's underlying Rule 600 claim according to the following principles:

In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

The proper scope of review is limited to the evidence on the record of the Rule [600] evidentiary hearing, and the findings of the [trial] court. An appellate court must view the facts in the light most favorable to the prevailing party.

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule [600]. Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those

contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule [600] must be construed in a manner consistent with society's right to punish and deter crime. In considering [these] matters . . . , courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Commonwealth v. Ramos*, 936 A.2d 1097, 1099 (Pa. Super. 2007)

(citation omitted).

Rule 600 provides, in pertinent part:

(A) Commencement of Trial; Time for Trial

\* \* \*

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

\* \* \*

(C) Computation of Time

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

\* \* \*

(3)(a) When a judge or issuing authority grants or denies a continuance:

(i) the issuing authority shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance; and

(ii) the judge shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance.  The judge also shall record to which party the period of delay caused by the continuance shall be attributed, and whether the time will be included in or excluded from the computation of the time within which trial must commence in accordance with this rule.

(b) The determination of the judge or issuing authority is subject to review as provided in paragraph (D)(3).

(D) Remedies

(1) When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated.  A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing.  The judge shall conduct a hearing on the motion.

(2) Except in cases in which the defendant is not entitled to release on bail as provided by law, when a defendant is held in pretrial incarceration beyond the time set forth in paragraph (B), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the defendant be released immediately on nominal bail subject to any nonmonetary conditions of bail imposed by the court as permitted by law.  A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

(3) Any requests for review of the determination in paragraph (C)(3) shall be raised in a motion or answer filed pursuant to paragraph (D)(1) or paragraph (D)(2).

Pa.R.Crim.P. 600(A), (C)-(D).

> To summarize, the courts of this Commonwealth employ three steps . . . in determining whether Rule 600 requires dismissal of charges against a defendant. First, Rule 600(A) provides the mechanical run date. Second, we determine whether any excludable time exists pursuant to Rule 600(C). We add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date.
>
> If the trial takes place after the adjusted run date, we apply the due diligence analysis set forth in Rule 600([D]). As we have explained, Rule 600[] encompasses a wide variety of circumstances under which a period of delay was outside the control of the Commonwealth and not the result of the Commonwealth's lack of diligence. Any such period of delay results in an extension of the run date. Addition of any Rule 600[] extensions to the adjusted run date produces the final Rule 600 run date. If the Commonwealth does not bring the defendant to trial on or before the final run date, the trial court must dismiss the charges.

*Ramos*, 936 A.2d at 1103 (footnote and citations omitted). "Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." *Id.* at 1102 (citation and emphasis omitted).

Because Johnston's trial included the joinder of two separate criminal charges, there are two adjusted run dates to consider. First, the complaint charging Johnston with Conner's murder was filed on June 22, 2006, resulting in a mechanical run date of June 22, 2007. *See* Pa.R.Crim.P. 600(A); *Ramos*, 936 A.2d at 1103. Pursuant to the municipal docket in the Conner case, on June 28, 2006, the court continued proceedings until July 12, 2006, for appointment of private counsel due to Johnston's conflict with the Public Defender, resulting in fourteen days' excusable time. Thereafter,

Johnston's preliminary hearing was continued until October 3, 2006, with the court ruling the time excusable from September 13, 2006, to October 3, or twenty days. Therefore, the adjusted run date for the Conner case was July 26, 2007.

In the Labance case, the municipal docket indicates that Johnston was charged on July 14, 2006 for a mechanical run date of July 16, 2007.[2] The docket reflects one excusable delay, when proceedings were continued from July 17, 2006 to August 7, 2006 for appointment of private counsel, resulting in twenty-two days' excusable time. Therefore, the adjusted run date for the Labance case was August 7, 2007.

Because trial, which commenced on February 17, 2009, took place after both adjusted run dates, we proceed to the due diligence analysis set forth in Rule 600(D). **See Ramos**, 936 A.2d at 1103.

The two complaints were consolidated after a hearing on July 13, 2007, and initially listed for trial on August 6, 2007, which was the first available trial date, resulting in twenty-one days excusable delay attributable to the court. **See** Notes of Testimony ("N.T."), 11/25/2013, at 25; **see also Commonwealth v. Jones**, 886 A.2d 689, 701-02 (Pa. Super. 2005) (holding that period between defendant's arraignment and scheduled trial

---

[2]    July 14, 2007 fell on a Saturday.

was excusable because the trial court determined the date assigned for trial was the earliest possible trial date).

Defense counsel requested a continuance and the next available trial date was May 5, 2008, resulting in 273 days' excludable delay attributable to Johnston. **See** N.T., 11/25/2013, at 34; **see also Commonwealth v. Aaron**, 804 A.2d 39, 43 (Pa. Super. 2002) (*en banc*) ("Any delay caused by the need to reschedule a trial because of a continuance attributable to the defense constitutes excludable time, even if the defendant was prepared to go to trial at an earlier date.").

On April 23, 2008, the court rescheduled trial due to the Honorable M. Teresa Sarmina needing to undergo surgery and the case was continued until November 10, 2008, resulting in 189 days' excusable delay attributable to the court. **See** N.T., 11/25/2013, at 35; **see also Commonwealth v. Preston**, 904 A.2d 1, 14 (Pa. Super. 2006) (*en banc*), ("It is long-established that judicial delay may serve as a basis for extending the period of time within which the Commonwealth may commence trial[.]"). Due to the unavailability of the defense mitigation specialist on that date, trial was rescheduled for November 24, 2008, with evidence to begin on December 1, 2008, which caused 14 days' excludable delay attributable to Johnston. **See** N.T., 11/25/2013, at 35; **see also Aaron**, 804 A.2d at 43.

However, due to a scheduling error, the court previously had a different trial scheduled on that date, and continued Johnston's trial to the next available trial date, on February 17, 2009, resulting in eighty-five days'

excusable delay attributable to the court. *See* N.T., 11/25/2013, at 51-52; *see also Jones*, 886 A.2d at 701-02. Ultimately, trial commenced on February 17, 2009.

After careful review, we conclude that Johnston is responsible for 287 days of excludable delay and the trial court is responsible for 295 days of excusable delay, for a total of 582 days of delay not attributable to the Commonwealth. Therefore, the 573-day delay between the adjusted run date of July 25, 2007 for the murder of Jamel Connel and the date on which trial commenced, February 17, 2009, and the 561-day delay from the adjusted run date of August 7, 2007 for the murder of Stephanie Labance is excusable pursuant to Rule 600, and not a failure of due diligence on the part of the Commonwealth. *See* Pa.R.Crim.P. 600(C)(1); *Ramos*, 936 A.2d at 1103.

There is no merit to Johnston's underlying Rule 600 claim. *Busanet*, 54 A.3d at 45. Therefore, trial counsel was not ineffective for failing to litigate a claim that would not succeed. *See Commonwealth v. Holloway*, 739 A.2d 1039, 1044 (Pa. 1999) (holding that counsel cannot be considered ineffective for failing to raise a claim that lacks merit). Accordingly, the record supports the PCRA court's denial of Johnston's ineffective assistance of counsel motion on the basis of a failure to litigate a Rule 600 claim. *See Ragan*, 923 A.2d at 1170. Johnston's issue does not merit relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/20/2015