J-A06020-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDRE L. WILLIAMS | : | No. 816 EDA 2024 |

Appeal from the Order Entered February 7, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001188-2022

BEFORE:   PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED APRIL 9, 2025**

The Commonwealth of Pennsylvania appeals from the order entered in the Court of Common Pleas of Philadelphia County granting Andre L. Williams' Motion to Dismiss, with prejudice, pursuant to the prompt trial rule under Pa.R.Crim.P. 600.  After careful consideration, we reverse and remand.

The Commonwealth charged Appellee with drug crimes and violations of the Uniform Firearms Act on October 6, 2021.  As Rule 600 mandates that trial commence within 365 days after the filing of the criminal complaint, *see* Pa.R.Crim.P. 600(A)(2)(a), the trial court appropriately set Appellee's Rule 600 "mechanical run date"[1] as October 6, 2022.

---

[*] Former Justice specially assigned to the Superior Court.

[1] The Rule 600 "mechanical run date" is 365 days after the complaint is filed. ***See Commonwealth v. Lear***, 325 A.3d 552, 560 (Pa. 2024).

On February 4, 2024, with this matter still the subject of an unresolved pretrial motions, Appellee filed a counseled Rule 600 motion to dismiss the charges. At the February 7, 2024, hearing on the Rule 600 motion, the trial court observed that of the 489 days that had passed since October 6, 2022, only 348 days were excludable time,[2] which, when added to the mechanical run date, produced a Rule 600 "adjusted run date"[3] of September 19, 2023. Because the trial court found that the Commonwealth had not been diligent for the remaining 141 days, it deemed those days includable pretrial delay not to be added to the adjusted run date. Accordingly, it concluded the Commonwealth committed a Rule 600 violation and entered an order dismissing all charges.

The Commonwealth appealed and raised the following issue for our review:

---

[2] Rule 600(C)(1) addresses excludable time as follows:

> For the purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600(C)(1).

[3] The adjusted run date "is the deadline for the Commonwealth to bring the defendant to trial under Rule 600." ***Commonwealth v. Walker***, --- A.3d ----, No. 2445 EDA 2023, 2025 WL 300898 (Pa. Super. filed January 27, 2025). It is calculated by adding excludable time to the mechanical run date. ***Id***.

Did the lower court err by dismissing all charges under Rule 600, where fewer than 365 days of includable time passed between the filing of the criminal complaint and the dismissal of the charges?

Brief for the Commonwealth as Appellant, at 6.

Our review of a trial court's order dismissing a prosecution on Rule 600 grounds is well-settled.

> In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.
>
> The proper scope of review is limited to the evidence on the record of the Rule [600] evidentiary hearing, and the findings of the [trial] court. An appellate court must view the facts in the light most favorable to the prevailing party.
>
> Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule [600]. Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

> **So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule [600] must be construed in a manner consistent with society's right to punish and deter crime**. In considering [these] matters ... courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Commonwealth v. Horne*, 89 A.3d 277, 283–84 (Pa. Super. 2014) (emphasis added & citation omitted).

Rule 600 requires that, in a case in which a written complaint is filed, trial must commence within 365 days of the date the complaint is filed. Pa.R.Crim.P. 600(A)(2)(a). If a defendant is not brought to trial within the required time, he "may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated." Pa.R.Crim.P. 600(D)(1). The trial court must then conduct a hearing on the motion. *Id*. Subsection (C) further provides that when computing time for Rule 600 purposes, "periods of delay at any stage of the proceeding caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of time within which trial must commence[, but a]ny other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1). Therefore, a Rule 600 analysis entails the following three steps:

> First, Rule 600(A) provides the mechanical run date. Second, we determine whether any excludable time exists pursuant to Rule 600(C). We add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date.
>
> If the trial takes place after the adjusted run date, we apply the due diligence analysis set forth in Rule 600([D]). As we have explained, Rule 600[ ] encompasses a wide variety of circumstances under which a period of delay was outside the control of the Commonwealth and not the result of the Commonwealth's lack of diligence. Any such period of delay results in an extension of the run date. Addition

- 4 -

of any Rule 600[ ] extensions to the adjusted run date produces the final Rule 600 run date. If the Commonwealth does not bring the defendant to trial on or before the final run date, the trial court must dismiss the charges.

**Commonwealth v. Carl**, 276 A.3d 743, 749 (Pa. Super. 2022) (citation omitted), *appeal denied*, 337 MAL 2022, 292 A.3d 839 (Pa. Feb. 15, 2023).

**Commonwealth v. Faison**, 297 A.3d 810, 821–22 (Pa. Super. 2023), *appeal denied*, 320 A.3d 82 (Pa. 2024). Determining whether the Commonwealth exercised due diligence is a fact-specific inquiry, which "does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." Pa.R.Crim.P. 600 at comment (quoting **Commonwealth v. Selenski**, 994 A.2d 1083, 1089 (Pa. 2010)).

The Commonwealth contends the trial court erred by granting Appellee's Rule 600 motion to dismiss. Of the 854 calendar days that passed from the filing of the criminal complaint to the dismissal of the charges, it posits, 554 days were either excusable or excludable, leaving only 300 days of includable time, which is well within the 365 days allowed by Rule 600. Appellee, on the other hand, contests the Commonwealth's calculations and echoes the trial court's opinion that the Commonwealth cannot be deemed to have demonstrated due diligence necessary to prevail regarding the contested times of delay comprising 145 days starting on January 11, 2023, and ending on June 5, 2023.

The trial court provides a Pa.R.A.P. 1925(a) opinion setting forth its rationale for the Rule 600 order dismissing charges. Specifically, it explains it based the order to dismiss on its assignments of includable time involving two proceedings designated "Waiver Trial"[4]—one held on January 11, 2023, and the other held on February 21, 2023—and a third proceeding designated "Scheduling Conference" held on March 27, 2023.

In the two waiver trial proceedings, the trial court determined the Commonwealth failed to act with due diligence because it was prepared to litigate only an outstanding pretrial defense motion to suppress and not the non-jury trial as well. Because of this adverse due diligence determination, moreover, the trial court deemed the Commonwealth ineligible to add judicial delay on other dates as time excludable from the adjusted run date. **_See Commonwealth v. Harth_**, 252 A.3d 600, 618 (Pa. 2021) (holding before a trial court excludes time from its Rule 600 time computation on the basis of judicial delay from, _e.g._, a congested calendar, the Commonwealth must demonstrate that it acted with due diligence throughout the life of the case); **_see also Lear_**, 325 A.3d at 561-63 (upholding **_Harth_** and declining to abrogate).

We review the first two proceedings in question. At the outset of the January 11, 2023, hearing, the prosecutor indicated his readiness to litigate

---

[4] The trial court's Rule 600 timeline designates seven proceedings as "Waiver Trial," the presumption being that at each proceeding, a waiver trial could have commenced.

only Appellee's recently filed motion to suppress,[5] and not a joint waiver trial as well, because a police officer whose testimony was vital to the prosecution's case in chief was unavailable.[6]  The prosecutor explained that he had relied on Appellee's motion to suppress and request for a hearing by securing for the hearing the police officer whose testimony would support the Commonwealth's position against suppression.  N.T. at 11.

Counsel for Appellee responded to the Commonwealth's announcement by promptly withdrawing his motion to suppress and joining co-defendant's counsel in pressing for immediate commencement of trial.[7]  N.T., 1/11/23, at 5-7.  The trial court set "January 13th for a Motion and a Waiver Date[,]" N.T. at 17, and later confirmed February 21, 2023, as the date for the waiver trial. *Id*.  Counsel for Appellee stated that he was not planning on litigating a motion to suppress on the subsequent dates. N.T. at 17.

At the hearing of February 21, 2023, however, it is apparent that the trial court and all parties were prepared for a suppression hearing on the request of co-defendant's counsel who sought, and was granted, such a

_____

[5] The trial court acknowledged that the public defender had filed a motion to suppress on behalf of Appellee.  N.T. at 11.

[6] The prosecutor explained that he had relied on Appellee's motion to suppress and request for a hearing by securing for the hearing the police officer whose testimony would support the Commonwealth's position against suppression. N.T. at 11.

[7] The trial court also noted the absence of Appellee, who, it noted, "was not brought down because he refused the Covid test today." N.T. at 6-7.  Defense counsel, however, argued Appellee was not needed at trial because he would not testify.  N.T., 1/11/23, at 7.

hearing. N.T., 2/21/23, at 5. After counsel for co-defendant concluded his opening remarks, however, counsel for Appellee made a Rule 600 objection that the suppression hearing adversely affected Appellee's right to a prompt trial under Rule 600 because Appellee did not seek suppression. N.T., 2/21/23, at 6-7.

The trial court rejected Appellee's counseled Rule 600 objection and denied his motion to dismiss, construing it as one seeking to relitigate the defendants' previously denied motions that had sought severance of their cases. N.T., 2/21/23, at 7. Afterward, counsel for Appellee objected to the absence of police officers who would be necessary to a waiver trial, N.T. at 7, before he advised the trial court that he would participate in the suppression hearing set to take place. N.T. at 7-8.

Despite the initial protestations of Appellee's counsel, the 59-page suppression hearing notes of testimony show he was fully prepared to litigate the suppression motion, as he contributed at length to the proceedings and offered a complete, comprehensive argument for suppression supported by citations to decisional law. N.T., 2/21/23, at 8-66. For its part, the trial court informed the parties it would take the motion under advisement and asked the court crier for at least 30 days before the next scheduled court date.

On a record demonstrating not only the importance and intricacy of the suppression issue but also the readiness of both defense counsel to litigate it ardently in their effort to hamper and possibly discharge the case against their respective clients, we find it was error for the trial court to conclude the

Commonwealth had failed to demonstrate due diligence when it was prepared to litigate the motion both on January 11, 2023, and again on February 21, 2023. The reasonableness of the prosecutor's January effort to move the docket beyond Appellee's suppression motion was borne out by the eventual February hearing itself, which, the record shows, was lengthy, involved, zealously advocated, and cautiously considered by the trial court, as it directed its court crier afterward to set aside more than 30 days before the next court date to allow for sufficient time to take the suppression issues under advisement. N.T., 2/21/23, at 8-66. Accordingly, we find error with the trial court's determination that the Commonwealth failed to act with due diligence during the 75 days spanning January 11, 2023, to the March 27, 2023, date selected by the court crier at the direction of the trial court.

Finally, the notes of testimony from the hearing of March 27, at which the court announced its decision to deny Appellee's motion to suppress, N.T., 3/27/23, at 3-9, reflect that a congested court calendar and the unavailability of defense counsel resulted in a 70-day delay that was beyond the Commonwealth's control. Specifically, at the conclusion of the hearing, the trial court asked, "where does that leave us," and counsel for Co-Defendant answered, "I would ask for a trial date." N.T. at 4. When the court crier offered May 25, 2023, as the first date available for trial, the Commonwealth did not object, but counsel for Appellee opposed the date, as he indicated he would be out of town, so a new trial date of June 5, 2023, 70 days away, was proposed, to which all counsel agreed without objection. N.T. at 5.

Relevant jurisprudence distinguishes excludable delay attributable to a court's congested docket, which we find took place here, from the normal progression of a case that should be allocated to a party. **See Commonwealth v. Mills**, 162 A.3d 323, 325 (Pa. 2017) (recognizing that "where a trial ready prosecutor must wait several months due to a court calendar, the time should be treated as "delay" for which the Commonwealth is not accountable."). Nevertheless, even if we considered the court's offer of a May 25, 2023, trial listing entirely as normal progression of the case rather than judicial delay caused by a congested docket, we still would attribute the additional 11-day extension of time to Appellee for requesting the trial court to reschedule to a later date. **See Walker**, **supra** at *3 (citing **Commonwealth v. Aaron**, 804 A.2d 39, 43 (Pa. Super. 2002) ("any delay caused by the need to reschedule a trial because of a continuance attributable to the defense constitutes excludable time, even if the defendant was prepared to go to trial at an earlier date."). Even under this alternate calculation, the resulting Rule 600 tabulation of days falls short of 365 as of the date the trial court granted the defense Rule 600 motion to dismiss.

For these reasons, we respectfully disagree with the trial court's determination that the Commonwealth failed to demonstrate due diligence on January 11, 2023, and February 21, 2023, and that the subsequent seventy-day delay before the first scheduled trial date was normal progression of the case rather than delay caused by a congested court docket. When the 145 contested days in total are properly deemed excludable time in the trial court's

otherwise accurate Rule 600 time chart, and the remaining dates conceded below are tabulated, the result is that only 300 days on the Rule 600 time clock had run as of the trial date of February 7, 2024, when the trial court granted Appellee's Rule 600(A) motion for dismissal of all charges. Accordingly, we vacate the order granting dismissal of charges and remand for further proceedings consistent with this decision.

Order reversed. Case remanded for further proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/9/2025