J-A28032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NYEM FLOWERS, | |
| Appellant | No. 188 EDA 2015 |

Appeal from the Judgment of Sentence December 18, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012140-2013

BEFORE:  GANTMAN, P.J., PANELLA, and SHOGAN, JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED FEBRUARY 12, 2016**

Appellant Nyem Flowers appeals from the judgment of sentence imposed after the trial court denied his Pa.R.Crim.P. 600 motion to dismiss and convicted him of retail theft.  After careful review, we reverse the trial court's order, vacate the judgment of sentence, and discharge Appellant.

The underlying facts of this case are not in dispute as Appellant entered into a stipulated trial.  If called to testify, Lymaris Rodriguez, the manager of a Rite-Aid store in Philadelphia, would state that she observed Appellant take video games from a stand in the store and place them in his bag.  When Ms. Rodriguez confronted Appellant, he returned some of the

games. N.T. 12/18/14, at 7. Officer Lai,[1] an off-duty Philadelphia police officer, would recount that he confronted Appellant and asked for identification. *Id*. at 7–8. Appellant left his wallet with the officer and ran from the store with some games still in his bag. *Id*. The incident was captured on video, and Appellant admitted that he took the games and put them in his bag. *Id*. at 8.

The trial court summarized the procedural history, as follows:

> The criminal act in question occurred on April 23, 2013. The criminal complaint was filed on May 10, 2013. Appellant was arrested on September 9, 2013 and his preliminary arraignment was held on September 10, 2013. A preliminary hearing was then scheduled on September 26, 2013. Appellant was held for court at his preliminary hearing, and formal arraignment was scheduled for October 17, 2013. After his arraignment, court staff scheduled a pre-trial conference for November 6, 2013. At the November 6 pre-trial conference, a discovery request was put on the record and the case was scheduled for a trial on December 30, 2013. Additionally, a writ was prepared to secure Appellant's presence from custody in Delaware County. On December 20, [2013,] the case was administratively re-listed for trial on February 11, 2014.
>
> On February 11, [2014,] the Commonwealth was not ready, as an officer failed to appear, and the Commonwealth made its first request for a continuance. Additionally, Appellant was not brought down from Delaware County. The case was continued to April 7, 2014. On April 7, [2014,] the Commonwealth was not ready, as a loss-prevention officer from the victim store failed to appear. Appellant's location had changed from Delaware County custody to Montgomery County custody in the interim. Appellant was not brought to court from Montgomery County custody. The case was continued to

_____

[1] Officer Lai's first name is not identified in the record.

- 2 -

May 22, 2014, and a writ was prepared to secure Appellant's presence from Montgomery County.

On May 22, [2014,] it was determined that Appellant had been moved to state custody at SCI Camp Hill in the interim and was therefore not brought down. Both parties were otherwise ready for trial. The case was scheduled for July 14, 2014, the next possible date consistent with this court's calendar, and a writ was prepared. On July 14, [2014,] the Commonwealth was not ready, as a defective copy of the relevant surveillance video had been passed in discovery, and the Commonwealth sought a continuance to correct the issue. The case was then scheduled for October 6, 2014, the earliest possible date consistent with this court's calendar, and a writ was prepared.

On October 6, [2014,] the Commonwealth was not ready, as the loss-prevention officer from the victim store failed to appear. The case was then scheduled for December 18, 2014, and a writ was prepared for Appellant to be brought down from state custody. On December 18, 2014 this court heard and denied Appellant's motion to dismiss under Rule 600. The case then proceeded by way of an open stipulated trial and Appellant was found guilty of retail theft. This court sentenced Appellant to a term of one to two years of incarceration, concurrent to any other prison sentence he was then serving, followed by four years non-reporting probation.

Trial Court Opinion, 3/10/15, at 2–3.

Appellant raises a single issue for our consideration on appeal:

Did not the lower court err in denying [Appellant's] motion to dismiss pursuant to Pa.R.Crim.P. 600, because, including the time attributable to the conventional progression of a criminal case and the time attributable to the Commonwealth due to its non-diligent delay, and excluding the time not counted due to delay beyond the Commonwealth's control, more than 365 days had elapsed before [Appellant] was brought to trial?

Appellant's Brief at 3.

In evaluating a Rule 600 issue,

> [O]ur standard of review of a trial court's decision is whether the trial court abused its discretion.

Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

The proper scope of review is limited to the evidence on the record of the Rule [600] evidentiary hearing, and the findings of the [trial] court. An appellate court must view the facts in the light most favorable to the prevailing party. Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule [600]. Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule [600] must be construed in a manner consistent with society's right to punish and deter crime. In considering [these] matters . . . courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

- 4 -

***Commonwealth v. Horne***, 89 A.3d 277, 283–284 (Pa. Super. 2014) (quoting ***Commonwealth v. Ramos***, 936 A.2d 1097, 1100 (Pa. Super. 2007) (*en banc*)).

In pertinent part, the version of Rule 600[2] that was in effect when the criminal complaint was filed against Appellant provided as follows:

**Rule 600. Prompt Trial**

(A)

* * *

(3) Trial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.

* * *

(C) In determining the period for commencement of trial there shall be excluded therefrom:

(1) the period of time between the filing of the written complaint and the defendant's arrest, provided that the

---

[2] A new version of Pa.R.Crim.P. 600 was adopted on October 1, 2012, and took legal effect on July 1, 2013. ***See*** Pa.R.Crim.P. 600 comment. Both the trial court and the parties refer to this version of the Rule in their respective analyses of the speedy trial issue. Our jurisprudence, however, instructs that we should review Appellant's claim under the previous version of Rule 600 that was in effect at the time that the instant criminal complaint was filed. ***See Commonwealth v. Roles***, 116 A.3d 122, 124 n.4 (Pa. Super. 2015) (citing ***Commonwealth v. Brock***, 61 A.3d 1015, 1016 n.2 (Pa. 2013) (noting that former Rule 600 applies because the criminal complaint was filed prior to the effective date of the new version of the rule)). Because the differences in the versions of the two Rules do not implicate the discrete issue before us, the time excluded from the 365-day calculation, this legal error does not hamper our review.

defendant could not be apprehended because his or her whereabouts were unknown and could not be determined by due diligence;

(2) any period of time for which the defendant expressly waives Rule 600;

(3) such period of delay at any stage of the proceedings as results from:

(a) the unavailability of the defendant or the defendant's attorney;

(b) any continuance granted at the request of the defendant or the defendant's attorney.

\* \* \*

(G)

\* \* \*

If the court, upon hearing, shall determine that the Commonwealth exercised due diligence and that the circumstances occasioning the postponement were beyond the control of the Commonwealth, the motion to dismiss shall be denied and the case shall be listed for trial on a date certain . . . . If, at any time, it is determined that the Commonwealth did not exercise due diligence, the court shall dismiss the charges and discharge the defendant.

Pa.R.Crim.P. 600.

This Court has outlined the requirements for the calculation of the relevant Rule 600 time period in the following manner:

The first step in determining whether a technical violation of Rule 600 has occurred is to calculate the "mechanical run date." *Commonwealth v. Aaron*, 804 A.2d 39, 42 (Pa. Super. 2002). The mechanical run date is the date by which the trial must commence under Rule 600. *Id*. It is calculated by ascertaining the number of days in which the Commonwealth must commence trial under Rule 600 and counting from the date on which the criminal complaint was filed. *Id*. The mechanical run

- 6 -

date can be modified or extended by adding any periods of time in which the defendant causes delay. *Id*. Once the mechanical run date is modified accordingly, it then becomes an "adjusted run date." *Id*.

Rule 600 takes into account both "excludable time" and "excusable delay." *Commonwealth v. Hunt*, 858 A.2d 1234, 1241 (Pa. Super. 2004). "Excludable time" is defined in Rule 600(C) as the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his whereabouts [were] unknown and could not be determined by due diligence; any period of time for which the defendant expressly waives Rule 600; and/or such period of delay at any stage of the proceedings as results from: (a) the unavailability of the defendant or the defendant's attorney; and/or (b) any continuance granted at the request of the defendant or the defendant's attorney. *Id*. (citing Pa.R.Crim.P. 600(C)). The "due diligence" required under Rule 600(C)(1) pertains to the Commonwealth's efforts to apprehend the defendant. *Id*. at 1241 n.10. The other aspects of Rule 600(C) defining "excludable time" do not require a showing of due diligence by the Commonwealth. *Id*. "Excusable delay" is not expressly defined in Rule 600, but the legal construct takes into account delays which occur as a result of circumstances beyond the Commonwealth's control and despite its due diligence. *See id*. at 1241-42 (explaining manner in which excludable time, excusable delay and due diligence are to be determined); *see also DeBlase*, 665 A.2d at 431 (discussing excludable time and excusable delay).

*Commonwealth v. Murray*, 879 A.2d 309, 313 (Pa. Super. 2005) (internal citations modified).

In addition,

"Judicial delay may justify postponing trial beyond the adjusted run date if the Commonwealth was prepared to commence trial prior to the expiration of the mandatory period but the court was unavailable because of 'scheduling difficulties and the like.'" [*Commonwealth v. Preston*, 904 A.2d 1, 14 (Pa. Super. 2006)] (citation omitted).

*Commonwealth v. Lynch*, 57 A.3d 120, 124 (Pa. Super. 2012). "In considering [these] matters . . . , courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well." *Ramos*, 936 A.2d at 1103 (citation omitted).

At the hearing on the Rule 600 motion, Appellant moved the Quarter Sessions file into evidence. The Commonwealth presented no evidence. After hearing argument, the trial court denied the motion. The case then proceeded to trial where, as previously noted, Appellant was found guilty of retail theft.

The trial court subsequently addressed Appellant's Rule 600 claim in its Pa.R.A.P. 1925(a) opinion, as follows:

> Periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation. Pa R.Crim.P. 600 (C)(l). If the Commonwealth attempts to bring a defendant to trial beyond the 365 day-period prescribed by Rule 600, and the defendant files a Rule 600 motion to dismiss, the court must assess whether there is excludable time and/or excusable delay. *Hill,* *supra* at 263, 736 A.2d at 591; Pa.R.Crim.P. 600(C), (G). "Even where a violation of Rule [600] has occurred, the motion to dismiss the charges should be denied if the Commonwealth exercised due diligence and . . . the circumstances occasioning the postponement were beyond the control of the Commonwealth." *Id.* at 263, 736 A.2d at 591.

> "Due diligence is a fact-specific concept that must be determined on a case-by-case basis." *Id.* at 256, 736 A.2d at 588. "Due diligence does not require perfect vigilance and

punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." *Id.*

In the case *sub judice,* the criminal complaint was filed on May 10, 2013, and Appellant's Rule 600 motion was denied and the case was brought to trial on December 18, 2014. A total of 587 days elapsed before the case was brought to trial. As the case was brought to trial after the mechanical run date of May 10, 2014, the court must determine whether anytime was excludable or excusable.

Initially, the court notes that the time from filing of the criminal complaint on May 10, 2013 until Appellant's arrest on September 10, 2013 is not excluded totaling 123 days for Rule 600 purposes.

The Commonwealth successfully met its burden of demonstrating a prima facie case at the first listing of the preliminary hearing on September 26, 2013. In fact, no delay is attributable to the Commonwealth from the entire period between the filing of the complaint on September 10, 2013 and the first trial date, February 11, 2014. Therefore, those 154 days of the case are excluded from Rule 600 calculation. ***See Commonwealth v. Claffey***, 80 A.3d 780, 788 (Pa. Super. 2013). ("At the preliminary hearing, the magistrate held the case for court. Thus, the Commonwealth secured a magisterial ruling that the Commonwealth had met its prima facie burden. The Commonwealth moved the case forward. The Commonwealth did not delay it. The case then proceeded past the preliminary hearing, through arraignment and toward trial . . . .")[.]

The court notes that the case did not proceed to trial on July 14, 2014 because the video disc passed to defense in discovery was technically defective. The issue was corrected in time for the next listing. The court heard nothing to indicate that the Commonwealth was not duly diligent in its effort to provide a proper copy of the video to Appellant, but rather was a simple issue of compatibility, where the disc did not function correctly in one computer. Therefore the court found the time from July 14, 2014 to October 6, 2014, totaling 84 days was excludable.

Additionally, this court is compelled to note that it was, during the calendar year of 2014, running a hybrid schedule. Criminal trials and probation violations for judges no longer sitting in the criminal division were heard on alternating weeks.

In fairness to the Commonwealth, any continuances, excludable or otherwise, requested after the initial trial listing on February 11, 2014 were consequently, and beyond the Commonwealth's control, scheduled approximately twice as distant as would normally have been the case for similarly situated defendants.

Subtracting the 154 days of excludable pre-trial time and the 84 days of excludable time for the Commonwealth's request from the total time of 587 days yields 349 days, an amount below the 365 day limit of Rule 600. As such, Appellant was tried consistent with Rule 600.

Trial Court Opinion, 3/10/15, at 6–8.

On appeal, Appellant specifically challenges the trial court's exclusion of the period between September 10, 2013, and February 11, 2014, in its Rule 600 calculation.[3] Appellant asserts that the time included in a Rule 600 computation should be comprised of not only those days during which the Commonwealth causes a delay, but also the time attributable to the conventional progression of a case. Appellant supports his position by reference to the dictionary definition of delay: "a situation in which something happens later than it should; the amount of time that you must wait for something that is late." Appellant's Brief at 14 (citing http://wwww.merriam-webster.com/dictionary/delay). According to Appellant, if delay is so defined, then the time attributable to the normal

---

[3] Appellant concedes that the period between July 14, 2014, and October 6, 2014, when the Commonwealth diligently pursued a discovery request for the surveillance video, was excluded properly from the trial court's Rule 600 calculation. Appellant's Brief at 13–14.

stages of a criminal proceeding—"filing of complaint, preliminary arraignment, preliminary hearing, court arraignment, pre-trial hearing, and trial–. . . must count towards the applicable Rule 600 period in which to bring a defendant to trial." *Id*. at 15.

Although we cannot endorse Appellant's blanket theory that time attributable to the normal progression of a criminal case is always includable for purposes of a Rule 600 calculation, we do agree that Rule 600 creates a presumption that 365 days is a reasonable amount of time by which to bring a defendant to trial. However, when a defendant on bail is not tried within such time, the excludable or excusable nature of any particular period depends on the specific facts of the case. With regards to the duty of the Commonwealth, a straightforward reading of our case law requires the Commonwealth to act diligently to bring a case to trial and to present evidence supporting its diligence at the Rule 600 hearing. As we stated in

*Commonwealth v. Claffey*, 80 A.3d 780 (Pa. Super. 2013):

> [A] Rule 600 motion shall be denied if the Commonwealth acted with due diligence in attempting to try the defendant timely and the circumstances occasioning the delay were beyond the Commonwealth's control. *Commonwealth v. Riley*, 19 A.3d 1146, 1148–1149 (Pa. Super. 2011); Pa.R.Crim.P. 600(G). Thus, if the Commonwealth acted with due diligence and the delay in question was beyond the Commonwealth's control, the delay is excusable. *Riley*, 19 A.3d at 1148–1149.

*Id.* at 786. *See also Ramos*, 936 A.2d at 1102 (if defendant's trial takes place outside of the adjusted run date, pursuant to Rule 600(G), it must then be determined whether the delay occurred despite the Commonwealth's

due diligence); ***Commonwealth v. Goldman***, 70 A.3d 874, 879 (Pa. Super. 2013) (Rule 600 provides for dismissal of charges in cases in where the defendant has not been brought to trial within the term of the adjusted run date, after subtracting all excludable time and excusable delay that occurs as a result of circumstances beyond the Commonwealth's control and despite its due diligence). Conversely, if the Commonwealth was not attentive to the progression of the case, any ensuing delay will not be excluded. ***Cf. Commonwealth v. Colon***, 87 A.3d 352, 361 (Pa. Super. 2014) (Rule 600 violation occurred when Commonwealth failed to exercise due diligence to try the appellant within 365 days of filing of the criminal complaint).

Even the cases cited by Appellant to support his argument concerning includable time factor in the Commonwealth's diligence in assessing delay questions. In ***Commonwealth v. Preston***, 904 A.2d 1 (Pa. Super. 2006), this Court considered whether failure to provide mandatory discovery is a basis for "excusable delay" of trial. ***Id***. at 12. After the ***Preston*** Court determined that there was no excludable time attributed to the defense, it shifted its analysis to "whether any excusable delay is attributable to factors beyond the Commonwealth's control." ***Id***. Markedly, the Court did not specifically reference any period it considered includable because it represented the normal progression of the case. Similarly, in ***Commonwealth v. Horne***, the time during which the matter was on appeal

- 12 -

was excluded from the Rule 600 calculation because "the Commonwealth did not take the appeal in bad faith and it was diligent in pursuing the appeal." *Horne*, 89 A.3d at 284. While Appellant is correct that the *Horne* Court declared that the clock began to run again after remand, it offered no basis for this determination. *Id*. Finally, in *Commonwealth v. Thompson*, 93 A.3d 478 (Pa. Super. 2014), this Court stated that the Commonwealth has the burden at a Rule 600 hearing to demonstrate that it "exercised due diligence and the delay was beyond the Commonwealth's control." *Id*. at 488 (quoting *Commonwealth v. Bradford*, 46 A.3d 693, 701 (Pa. 2012)). The *Thompson* Court then observed that although the trial court concluded that the delays in question were caused by administrative error, "there were no findings regarding the Commonwealth's efforts, or lack thereof, in securing Appellant's presence in court." *Id*. at 488. The Court thus decided it was prudent to remand the matter for a hearing on the Commonwealth's diligence in this regard. *Id*. at 489. We are hard-pressed to understand how this decision bolsters Appellant's position that time attributed to the conventional progress of a case is separate from an evaluation of the Commonwealth's diligence in bringing a defendant to trial.[4]

---

[4] Despite the fact that the criminal charges against the appellants in *Thompson* and *Horne* were apparently filed when the earlier version of Rule 600 was in effect, their Rule 600 issues were analyzed under the current version of the Rule. *See Thompson*, 93 A.3d at 483 (the appellant was arrested on December 3, 2009, and tried on October 25, 2011); *Horne*,
*(Footnote Continued Next Page)*

For its part, the Commonwealth asserts that the period between September 10, 2013, and February 11, 2014, was excluded correctly because that 154-day delay was occasioned by the trial court's scheduling of the first trial date. However, in each of the cases cited by the Commonwealth as authority for its argument, the trial court record included a definitive statement regarding the demands of the trial court's schedule. In **Commonwealth v. Jones**, 886 A.2d 689 (Pa. Super. 2005), the eighty-day period between September 13, 2002, and December 2, 2002, was excusable delay because the trial court determined that December 2, 2002 was the earliest possible trial date. **Id**. at 701–702. In **Commonwealth v. Brown**, 875 A.2d 1128 (Pa. Super. 2005), eighty-one days between January 17, 2002, and April 8, 2002, were excusable because the trial court stated that April 8, 2002 was the earliest possible trial date. **Id**. at 1139. Similarly, the eighty-two–day period between May 22, 2003 and August 12, 2003 at issue in **Commonwealth v. Ramos** was deemed excusable because the trial court decided to list this case as a protracted matter and was unable to schedule an extended proceeding any earlier than August 12, 2003. **Ramos**, 936 A.2d at 1104.

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯

89 A.3d at 279–280 (a warrant for the appellant's arrest was issued on May 21, 2009, and the last of his cases was called for trial on May 14, 2012).

In the case *sub judice*, the trial court made no such findings for the time period prior to the February 11, 2014 trial listing. Also, the trial court did not find any excludable delay attributable to Appellant prior to the adjusted run date, either. To the contrary, the trial court found that the Commonwealth was not ready on February 11, 2014, when the Commonwealth made its first request for a continuance. The trial court also found that the Commonwealth was not ready on April 7, 2014, and the case was again continued. By the next trial listing of May 22, 2014, the adjusted run date had expired. Based on the foregoing, we conclude that the Commonwealth failed to prove that it acted diligently in meeting the 365-day mandate of Rule 600 in this relatively uncomplicated case. Accordingly, the trial court erred in not granting the Rule 600 motion to dismiss and discharging Appellant. [5]

---

[5] We note that the trial court's Pa.R.A.P 1925(a) opinion is, at times, inconsistent and obfuscates, rather than clarifies, the issue before us. When the trial court detailed the mechanics of its Rule 600 calculation, the 123 days from filing of the criminal complaint on May 10, 2013, until Appellant's arrest on September 10, 2013, were included for Rule 600 purposes. Trial Court Opinion, 3/10/15, at 6. The court next found that because the Commonwealth successfully met its burden of demonstrating a *prima facie* case at the first listing of the preliminary hearing on September 26, 2013, "no delay is attributable to the Commonwealth from the entire period between the **filing of the complaint on September 10, 2013** and the first trial date, February 11, 2014. Therefore, those 154 days of the case are excluded from Rule 600 calculation." *Id*. at 7 (emphasis added). In this writing, the trial court, for the first time, declared that the period between "the filing of the complaint [erroneously stated to be on September 10, 2013] and the first trial date, February 11, 2014" should not be counted
*(Footnote Continued Next Page)*

In summary, the lack of a record demonstrating the Commonwealth's diligence between September 10, 2013, and February 11, 2014, compel the conclusion that the trial court erred in denying Appellant's Rule 600 motion when it excluded those 154 days from its Rule 600 calculation. When that time is included, Appellant was tried more than 365 days after the criminal complaint was filed, and a Rule 600 violation occurred.[6] Accordingly, we reverse the denial of Appellant's motion to dismiss and vacate the judgment of sentence.

Order reversed. Judgment of sentence vacated. Appellant discharged. Jurisdiction relinquished.

*(Footnote Continued)* —————————

against the Commonwealth because it represented excusable delay. Indeed, record evidence of the Commonwealth's diligence is non-existent for the entire period between September 10, 2013, and February 11, 2014. In Rule 600 proceedings, "[t]he Commonwealth must prove by a preponderance of the evidence that it acted with due diligence." ***Commonwealth v. Kearse***, 890 A.2d 388, 392 (Pa. Super. 2005); ***See also Ramos***, 936 A.2d at 1102 (Commonwealth due diligence is a fact-specific concept that must be evaluated on an individual basis).

[6] Having concluded that a Rule 600 violation occurred when the 154 days between September 10, 2013, and February 11, 2014 were improperly excluded from the trial court's calculation, we need not discuss in detail the days between May 22, 2014, and July 14, 2014—a period occurring after the expiration of the run date of May 10, 2014. At the Rule 600 hearing, the Commonwealth argued that these fifty-three days should be excluded when Appellant was not transported to the courthouse because he had been transferred to a facility other than that named in the bring-down writ. Without explanation, the trial court agreed to exclude this time.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/12/2016</u>