J-S67032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CLINT ZAKRZEEWSKI | |
| Appellee | No. 3356 EDA 2015 |

Appeal from the Order October 5, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010187-2014

BEFORE:  FORD ELLIOTT, P.J.E., RANSOM, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:         **FILED SEPTEMBER 26, 2016**

The Commonwealth appeals the October 5, 2015, order entered in the Court of Common Pleas of Philadelphia County ("CCP"), which dismissed the Commonwealth's prosecution of Clint Zakrzeeski ("Appellee") for driving while under the influence ("DUI")-highest rate of alcohol 1st offense, 75 Pa.C.S.A. § 3802(a)(1), and DUI-highest rate of alcohol (BAC .16+) 1st offense, 75 Pa.C.S.A. § 3802(c), based upon the Commonwealth's purported failure to bring Appellee to trial within the applicable speedy trial time limits. After a careful review, we reverse the order and remand for further proceedings.

The relevant facts and procedural history are as follows:  On January 9, 2012, Appellee was arrested and charged with DUI-highest rate of alcohol

_____
*Former Justice specially assigned to the Superior Court.

1st offense. Appellee was tried in the Municipal Court, and on August 11, 2014, the Municipal Court convicted Appellant of the offense. On September 9, 2014, the Municipal Court sentenced Appellee to thirty days to six months in prison.[1] On that same date, Appellee filed a timely *de novo* appeal to the CCP.

On September 19, 2014, the Commonwealth filed an Information against Appellee, adding the charge of DUI-highest rate of alcohol (BAC .16+) 1st offense. On September 30, 2014, Appellee was arraigned in the CCP, and the trial court scheduled Appellee's trial for December 5, 2014.

The certified docket entries reveal that, on December 5, 2014, Appellee was present but the trial was continued due to "Commonwealth Not Ready-Complaining Witness Unavailable." The docket entry contains a notation "Earliest Possible Date," and the trial was relisted to January 22, 2015.

The certified docket entries reveal that, on January 22, 2015, the Commonwealth was ready to proceed but the trial was continued due to "Defense Request-Defense Attorney on Trial." The docket entry contains a notation "Earliest Possible Date," and the trial was relisted to March 11, 2015.

---

[1] We note that the certified record does not include the notes of testimony from the proceedings occurring in the Municipal Court.

The certified docket entries reveal that, on March 11, 2015, both the Commonwealth and Appellee were ready but the trial was continued due to "Court Continuance-Judge Unavailable." The docket entry contains a notation "Earliest Possible Date," and the trial was relisted to May 20, 2015.

The certified docket entries reveal that, on May 20, 2015, Appellee was present and ready to proceed but the trial was continued due to "Commonwealth not Ready-Eyewitness Subpoena Failure." The docket entry contains a notation "Earliest Possible Date," and the trial was relisted for August 10, 2015.

On May 26, 2015, Appellee filed a counseled motion seeking to dismiss the charges pursuant to Pa.R.Crim.P. 1013(G), and the Commonwealth filed a response.

On August 10, 2015, the parties appeared in court and, following argument,[2] the CCP denied Appellee's motion to dismiss. The certified docket entries reveal the defense was ready for trial but the trial was continued due to "Commonwealth Not Ready-Eyewitness at Funeral and AID Officer on Fatal Investigation." The docket entry contains a notation "Earliest Possible Date," and the trial was relisted for October 5, 2015.

On September 17, 2015, Appellee filed a second motion to dismiss pursuant to Pa.R.Crim.P. 1013(G), and on October 5, 2015, the

_____

[2] We note that the certified record does not contain any notes from the August 10, 2015, hearing.

Commonwealth was ready to proceed to trial but the CCP held a hearing on Appellee's motion. At the hearing, the assistant district attorney ("ADA") noted that it requested a trial continuance on August 10, 2015, because the eyewitness to the offense was "at her uncle's funeral on that day." N.T., 10/5/15, at 4. Moreover, the ADA noted that, at the previous hearing on August 10, 2015, the CCP had ruled that the time from December 5, 2014, to January 22, 2015, "was excludable due to the eyewitness being in the hospital." *Id.* at 5. The CCP concluded the Commonwealth had violated Pa.R.Crim.P. 1013(G), and accordingly, on October 5, 2015, it granted Appellee's second motion to dismiss.

On November 2, 2015, the Commonwealth filed a motion for reconsideration arguing, *inter alia*, that on October 5, 2015, the Commonwealth was ready to proceed to trial and that the CCP erred in granting the motion to dismiss. The Commonwealth indicated:

> [It is] the Commonwealth's position that this was done so in error due to the fact that the eyewitness that was unavailable twice before, one listing she was in the hospital and the other listing she was at her uncle's funeral, was now present in the Courtroom and that there are only eighty-two days actually attributable to the Commonwealth.

Commonwealth's Motion for Reconsideration, filed 11/2/15.

The CCP did not rule on the motion for reconsideration but on November 4, 2015, the Commonwealth filed a timely notice of appeal to this Court.[3] All Pa.R.A.P. 1925 requirements have been met.

The Commonwealth contends the CCP erred in granting Appellee's motion to dismiss on October 5, 2015. Specifically, the Commonwealth presents the following issue:

> Whether the lower court erred in discharging [Appellee] under the speedy trial rule, where one continuance created 82 days of delay attributable to the Commonwealth but all other delays such as continuances in which the docket records witnesses were unavailable, were not caused by the Commonwealth or were beyond its control?

Commonwealth's Brief at 2.

Initially, we note that "[o]ur standard of review for evaluating claims brought pursuant to Rule of Criminal Procedure 1013 is the same as that applied to claims made under Rule of Criminal Procedure 600. The purpose of the rules is similar, and the case law applies equally to both." *Commonwealth v. Preston*, 904 A.2d 1, 9 (Pa.Super. 2006) (*en banc*) (footnote and citations omitted). In evaluating Rule 1013 and 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. *Commonwealth v. Frye*, 909 A.2d 853 (Pa.Super. 2006).

_____

[3] It is well settled that the filing of a motion for reconsideration does not toll the time period in which to file a notice of appeal. *See Commonwealth v. Moir*, 766 A.2d 1253, 1254 (Pa.Super. 2000).

Furthermore:

> The proper scope of review. . .is limited to the evidence on the record of the Rule [1013 or 600] evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party. Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind [the] Rule[s]. Rule[s] [1013 and 600] serve[] two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule[s] [1013 and 600] was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

*Id.* at 857 (quotation omitted).

The first step in reviewing a Rule 1013 or 600 claim is to determine the "mechanical run date," the date which statute provides the criminal trial must commence. ***Commonwealth v. Lynch***, 57 A.3d 120 (Pa.Super. 2012). Relevantly, Pa.R.Crim.P. 1013 provides "[a] trial *de novo* in the Court of Common Pleas shall commence within a period of 120 days after the notice of appeal from the Municipal Court is filed. In all other respects the provisions of Rule 600 shall apply to such trials in the Court of Common Pleas." Pa.R.Crim.P. 1013(G).

Next, similar to Criminal Rule 600, Rule 1013 has "excludable time" and "excusable delay:"

> The mechanical run date can be modified or extended by adding periods of time in which the

- 6 -

> defendant causes delay. It then becomes an "adjusted run date."
>
> Rules 600 and 1013 take into account both "excludable time" and "excusable delay." "Excludable time" is defined by Rule 1013 itself as any period of time during which a defendant expressly waives his rights under the Rule. Delays caused by the unavailability of the defendant or counsel also are excludable, as are delays for continuances granted at the request of the defendant or counsel. "Excusable delay" is not expressly defined in either Rule 600 or in Rule 1013, but the legal construct takes into account delays which occur as a result of circumstances beyond the Commonwealth's control and despite its due diligence.
>
> *Preston*, 904 A.2d at 11. The Commonwealth is entitled to an extension of time "upon a record showing that trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth." Pa.R.Crim.P. 1013(C)(1)(c). "Due-diligence is a fact-specific concept that is determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." *Commonwealth v. Booze*, 953 A.2d 1263, 1273 (Pa.Super. 2008) (quotations and quotation marks omitted). "Judicial delay may justify postponing trial beyond the adjusted run date if the Commonwealth was prepared to commence trial prior to the expiration of the mandatory period but the court was unavailable because of 'scheduling difficulties and the like.'" *Preston*, 904 A.2d at 14 (citation omitted).

*Lynch*, 57 A.3d at 123-24.

In the case *sub judice*, we must first determine the mechanical run date under Rule 1013(G). As Appellee filed his notice of appeal in the CCP for a trial *de novo* on September 9, 2014, the mechanical run date for Appellee's trial was January 7, 2015. *See Lynch*, *supra* (finding 120 day

mechanical run date was triggered by the defendant's filing of a notice of appeal for a trial *de novo* from the sentence entered in the Municipal Court).

We next determine whether any "excludable time" exists, and, if so, the amount of "excludable time" is added to the mechanical run date to arrive at an adjusted run date. **Lynch**, **supra**. Here, the time from January 22, 2015, to March 11, 2015, totaling 48 days, is attributable to Appellee's request for a continuance due to his defense attorney's attachment in a different trial. The CCP properly found this time constitutes "excludable time," resulting in an adjusted run date of February 24, 2015. **See Preston**, **supra**; CCP Pa.R.A.P. 1925(a) Opinion, filed 1/27/16, at 3.

The CCP granted Appellee's motion to dismiss on October 5, 2015, which is past the adjusted run date of February 24, 2015. Thus, we must determine whether any "excusable time" exists, and if so, the amount of "excusable time" results in an extension of the adjusted run date. **Commonwealth v. Ramos**, 936 A.2d 1097 (Pa.Super. 2007) (*en banc*).

We agree with the Commonwealth that the time from September 30, 2014 (the day of Appellee's arraignment) to December 5, 2014 (the CCP's first trial listing), totaling 66 days, constitutes "excusable time," and the CCP erred in failing to take this time into consideration in ruling on Appellee's motion to dismiss. The record reveals that the period of delay is attributable to the CCP's calendar and not to the Commonwealth's lack of diligence. **See id.** at 1104 (holding trial court dockets are beyond the control of the

Commonwealth and delay related thereto constitute "excusable delays"); ***Commonwealth v. Jones***, 886 A.2d 689, 701-02 (Pa.Super. 2005) (holding the period between the defendant's arraignment and scheduled trial was excusable because the trial court determined the date assigned for trial). The inclusion of these 66 days results in an extension of the adjusted run date to May 1, 2015. ***See Ramos***, ***supra***.

Moreover, along this same vein, the time from March 11, 2015, to May 20, 2015, totaling 70 days, constitutes "excusable time." The record reveals the Commonwealth and Appellee were ready for trial on March 11, 2015; however, the CCP judge was unavailable. Accordingly, the trial was relisted for the "earliest possible date" of May 20, 2015. As this time is attributable to the CCP and beyond the control of the Commonwealth, it constitutes "excusable time."[4] ***See Id.***; ***Commonwealth v. Brown***, 875 A.2d 1128 (Pa.Super. 2005) (where trial judge was involved in another trial, the delay attributed thereto constituted "excusable time"); ***Commonwealth v. Jones***, 679 A.2d 1297, 1299 (Pa.Super. 1996) ("[A] finding of due diligence may be based on facts contained in uncontested notations in the Quarter Sessions file where those facts indicate that the case was brought to trial on the

---

[4] The CCP acknowledged this time was attributed to the court and extended the adjusted run date accordingly. ***See*** CCP Pa.R.A.P. 1925(a) Opinion, filed 1/27/16, at 3.

earliest possible date.") (citation omitted)). The inclusion of these 70 days results in an extension of the adjusted run date to July 10, 2015.

Furthermore, we agree with the Commonwealth that the time from December 5, 2014, to January 22, 2015, totaling 48 days, constitutes "excusable time." The record reveals that this time is attributed to the Commonwealth, whose eyewitness was unavailable. Specifically, the uncontested docket entry for December 5, 2014, provides the trial was continued due to "Commonwealth Not Ready-Complaining Witness Unavailable." Moreover, at the hearing on Appellee's motion to dismiss, the Commonwealth explained that the eyewitness was hospitalized, and thus was unavailable to testify on December 5, 2014. N.T., 10/5/15, at 5. The CCP acknowledged at the hearing that the witness' hospitalization was beyond the Commonwealth's control and constituted "excusable time." *See id.* Accordingly, contrary to the CCP's subsequent indication in its Rule 1925(a) opinion,[5] the Commonwealth sufficiently established that it was duly diligent in attempting to bring Appellee to trial on December 5, 2014. *See*

---

[5] In its Rule 1925(a) opinion, as to the delay from December 5, 2014, to January 22, 2015, the CCP concludes the "record merely indicates that [the Commonwealth's] witness was unavailable and the [Commonwealth] provided no evidence indicating that they acted with due diligence in securing the witnesses [*sic*] availability." CCP Pa.R.A.P. 1925(a) Opinion, filed 1/27/16, at 4-5. However, at the hearing on Appellee's motion to dismiss, the CCP acknowledged this time was excusable due to the Commonwealth's eyewitness being in the hospital. N.T., 10/5/15, at 5. Thus, contrary to the CCP's suggestion in its opinion, the Commonwealth presented more than a mere assertion of witness unavailability.

- 10 -

*Frye*, *supra* (holding delay caused by victim's hospitalization was beyond the Commonwealth's control and constituted "excusable delay"); *Commonwealth v. Hunt*, 858 A.2d 1234, 1243 (Pa.Super. 2004) (*en banc*) (holding the Commonwealth's request for a continuance based on the victim's absence from the country and unavailability was a circumstance beyond the Commonwealth's control, thus constituting "excusable time"). Further, the docket entries reveal the case was relisted to January 22, 2015, which was the "earliest possible date." The inclusion of these 48 days results in an extension of the adjusted run date to August 27, 2015.

Additionally, we agree with the Commonwealth that the time from August 10, 2015, to October 5, 2015, totaling 56 days, constitutes "excusable time." The record reveals the defense was ready for trial on August 10, 2015, but the Commonwealth required a continuance due to the unavailability of the eyewitness and the investigating officer. Specifically, in addition to the uncontested August 10, 2015, docket entry notation "Eyewitness at Funeral," the Commonwealth indicated at the hearing that, on August 10, 2015, the eyewitness was unavailable because she was attending her uncle's funeral. N.T, 10/5/15, at 4-5. Moreover, the uncontested August 10, 2015, docket entry provides a notation that "AID Officer on Fatal Investigation." Accordingly, notwithstanding the CCP's indication in its Rule 1925(a) opinion, the Commonwealth sufficiently established that it was duly diligent in attempting to bring Appellee to trial

on August 10, 2015.[6] *See Commonwealth v. Staten*, 950 A.2d 1006 (Pa.Super. 2008) (holding unavailability of the arresting officer, who was assigned to serve warrants, was beyond the Commonwealth's control such that it constituted "excusable delay"); *Hunt*, *supra*. Further, the docket entries reveal the case was relisted to October 5, 2015, which was the "earliest possible date." The inclusion of these 56 days results in an extension of the adjusted run date to October 22, 2015, which is after the date the CCP granted Appellee's motion to dismiss.

Finally, it bears mentioning that, in its Rule 1925(a) opinion, the CCP suggests that, as it relates to the Commonwealth's requests for continuances on December 5, 2014 (eyewitness unavailable) and August 10, 2015 (eyewitness and investigating officer unavailable), the Commonwealth "failed to provide any supporting evidence indicating that they acted with due diligence." *See* CCP Pa.R.A.P. 1925(a) Opinion, filed 1/27/15, at 4-5. The Commonwealth contends that, to the extent the CCP equated the uncontested docket notations, as well as the prosecutor's uncontroverted representations, with "bald assertions of witness unavailability," the CCP abused its discretion. *See* Commonwealth's Brief at 21. We agree.

---

[6] In its opinion, the CCP indicated that, with regard to the Commonwealth's request for a continuance on August 10, 2015, the Commonwealth "failed to provide any supporting evidence indicating that they acted with due diligence in securing the availability of their witnesses." CCP Pa.R.A.P. 1925(a) Opinion, filed 1/27/16, at 5.

This Court has recognized that the "evidence" required for a finding of due diligence includes "uncontested notations in the Quarter Sessions file." *Jones*, 679 A.2d at 1299. *See Commonwealth v. Nellom*, 565 A.2d 770 (Pa.Super. 1989) (finding that the Commonwealth acted with due diligence where the Quarter Sessions file indicated that the Commonwealth requested the earliest possible date consistent with the court's business). Moreover, uncontroverted explanations offered by the prosecutor as to a witness' unavailability may establish due diligence.[7] *Commonwealth v. Anderson*, 959 A.2d 1248, 1251 (Pa.Super. 2008) (indicating the prosecutor's representation that officer, who may not have been a necessary witness, had broken his back was sufficient to show Commonwealth was exercising diligence).

> [O]ur Court has held that bald assertions of witness unavailability do not suffice, and that the Commonwealth must generally provide *evidence* of the facts supporting its request for an extension. However, as [this Court has observed,] "It is possible that the rules of evidence will not be strictly enforced at a Rule 1100[8] hearing as they are at trial." This view of the less-than-exacting evidentiary requirements of the Rule has proven to be well-founded. A particular example of this phenomenon has surfaced time and again in our case law, and responding to it in numerous decisions this Court has held that a finding of due diligence may be based entirely on judicial notice taken by the

---

[7] In the case *sub judice*, Appellee neither contested the accuracy of the certified docket entries nor disputed the accuracy of the representations made by the ADA at the hearing as to why certain witnesses were unavailable.

[8] Rule 1100 is the predecessor to Rule 600.

- 13 -

hearing court of facts contained in uncontested notations in court records.

Applying the reasoning of these cases[,]. . .we discern no rational basis for distinguishing between a finding of due diligence based on uncontested notations in court records, and a finding of due diligence based on uncontroverted assertions made by the Commonwealth at the Rule 1100 hearing or in its application for the extension.

*Commonwealth v. Hollingsworth*, 499 A.2d 381, 387-88 (Pa.Super. 1985) (*en banc*) (citations and quotation omitted) (emphasis in original) (footnote added).

For all of the foregoing reason, we conclude the CCP abused its discretion in granting Appellee's motion to dismiss pursuant to Rules 1013(g) and 600, and thus, we reverse and remand for further proceedings.

Order reversed; Case remanded; Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/26/2016