J-S30023-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENDALL DAVIS | : | No. 1708 WDA 2019 |

Appeal from the Order Entered October 21, 2019
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0002045-2015

BEFORE: MURRAY, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.: FILED OCTOBER 14, 2020

The Commonwealth of Pennsylvania appeals the order dismissing the charges against Kendall Davis pursuant to Rule 600 of the Rules of Criminal Procedure, the speedy trial rule. See Pa.R.Crim.P. 600. The Commonwealth contends the trial court erred in concluding it did not exercise due diligence in bringing Davis to trial within the required time. We affirm.

The relevant facts are as follows. Police filed a Complaint against Davis on June 27, 2015, charging him with Violation of the Uniform Firearms Act, Terroristic Threats, Simple Assault, Recklessly Endangering Another Person, and Harassment.[1] The magisterial district court scheduled a preliminary hearing for July 10, 2015; it continued the hearing until August 19, 2015,

_____

[*] Former Justice specially assigned to the Superior Court.

[1] See 18 Pa.C.S.A. §§ 6105(a)(1), 2706(a)(1), 2701(a)(1), 2705, and 2709(a)(1), respectively.

because Trooper Michael Greiner, a necessary witness for the Commonwealth, was unavailable. Tr. Ct. Order, 10/21/19, at 1.

Following the preliminary hearing in August 2015 and a formal arraignment in November 2015, the trial court issued an administrative order scheduling a "pleader" hearing for February 12, 2016. Id. at 2, 2 n.1. At the hearing, Davis elected to proceed to a non-jury trial, and the court scheduled trial for March 1, 2016. The parties advised the court that the trial would take a half of a day. See N.T., 2/12/16, at 3.

The day before trial was scheduled to occur, the Commonwealth submitted an Application for Continuance stating that Trooper Greiner was unavailable for trial due to active military duty, and that Davis's counsel had no objection. The court granted the continuance the next day and rescheduled trial for July 1, 2016. The order granting the continuance did not identify the party to which the court was attributing the delay. But see Pa.R.Crim.P. 600(C)(3)(a)(ii).[2]

A short while afterward, in early March 2016, defense counsel filed a Motion to Withdraw, asserting that Davis "ha[d] stopped communicating with [c]ounsel." Motion to Withdraw, 3/7/16, at ¶ 3. The court did not rule on the motion at that time.

_____

[2] This provision states that "when a judge . . . grants or denies a continuance," the judge shall "record to which party the period of delay caused by the continuance shall be attributed, and whether the time will be included in or excluded from the computation of the time within which trial must commence in accordance with this rule." Pa.R.Crim.P. 600(C)(3)(a)(ii).

- 2 -

Before the new trial date, the Commonwealth learned that on July 1, Trooper Greiner would again be on military leave. It therefore filed a motion asking the court to allow him to testify by telephone. The court granted the motion.

On the new trial date of July 1, Davis failed to appear. Davis's counsel stated on the record that Davis had not known that the court had continued the prior, March 1 trial date and had failed to appear for trial on that date. Counsel further stated that Davis had not been in communication with him since early March. See N.T., 7/1/16, at 2-3. The court granted counsel leave to withdraw and issued a bench warrant for Davis.

Davis was apprehended on April 16, 2019. Davis thereafter filed a motion, through new counsel, seeking dismissal under Rule 600. Davis argued that the Commonwealth had failed to act with due diligence in attempting to bring him to trial within 365 days of filing the Complaint. See Pa.R.Crim.P. 600(A)(2)(a), (C)(1).

At a hearing on the motion, Deputy Assistant District Attorney Leslie Ridge testified that she had submitted the motion to continue the March 1, 2016 trial date on behalf of the attorney assigned to the case. See N.T., 10/1/19, at 8. She said that she had been told that Trooper Greiner was unavailable on March 1, but she did not know his future availability. Id. She conceded that she did not bring the court's attention to a potential Rule 600 issue or ask the court to schedule trial before the mechanical run date. Id. at

12-13. She stated, "The only thing I did was present the continuance and then the date that was assigned was the date that was assigned." Id. at 13.

The Commonwealth submitted, as an exhibit, a letter from the Pennsylvania State Police showing Trooper Greiner's unavailability at the relevant times. The letter confirmed Trooper Greiner was on approved military leave on March 1, 2016, and July 1, 2016. However, it also stated that he was not on leave between March 19, 2016, and June 3, 2016. The Commonwealth also presented the testimony of Assistant District Attorney Rachel Wheeler, who said she made several phone calls in order to ensure Trooper Greiner would be available to testify by telephone on July 1.

Davis argued that the mechanical run date was June 26, 2016, and the Commonwealth failed to act with due diligence when it failed to ask the court to schedule trial before then. The trial court stated that it could not remember the circumstances when it continued the trial, but questioned whether the Commonwealth had requested an earlier trial date. The court said, "Is it just as plausible that maybe that was presented, but administratively, I could not fit it in until after the run date[?] I mean, just all things being equal, maybe I said ['N]o[,] and this is my next available date.[']" Id. at 29. Davis argued that the court should construe the absence of any information surrounding the continuance request against the Commonwealth, as the party with the burden to demonstrate that it acted with due diligence.

The court granted the motion and dismissed the charges. The court found that the Commonwealth brought the case to trial past the mechanical

run date of June 26, 2016, and failed to act with due diligence in relation to the delay. The court distinguished our holding in Commonwealth v. Hyland, 875 A.2d 1175 (Pa.Super. 2005), that an officer's unavailability due to military service was beyond the Commonwealth's control. The court explained that in Hyland, "the officer was notified of his deployment and left the country within 48 hours of notice. Here, the officer's military schedule was well known and planned." Tr. Ct. Order at 6. The court also found the Commonwealth had not been duly diligent, as it had "made no specific request to secure a trial date prior to the mechanical run date." Id. at 7 (citing Commonwealth v. Aaron, 804 A.2d 39 (Pa.Super. 2002) (en banc)). The court pointed out that although Trooper Greiner was unavailable for trial on March 1, he had been available for trial from March 20, 2016, to June 2, 2016. Id. at 7 n.5. The court also found the Commonwealth failed to act with due diligence because it could have arranged for Trooper Greiner to testify by telephone for the March 1 trial date, as it had done for the July 1 date.

Regarding the time between the "pleader" hearing and the first trial date, the court stated that "pleader" hearings primarily function as a status conference for the defendant to "accept the offered plea agreement, request a trial, or continue . . . to mull over the Commonwealth's offer. . . ." Id. at 2 n.1. As such, the court concluded that such a hearing is part of the "the normal progression of the case." Id. The court also stated that a defendant's actions after the Rule 600 run date are irrelevant to the analysis. Id. at 7 (citing Commonwealth v. Barbour, 189 A.3d 944, 959 (Pa. 2018)).

- 5 -

J-S30023-20

The Commonwealth appealed,[3] and raises the following issues:

I. Did the Trial Court abuse its discretion in granting [Davis]'s motion to dismiss under Rule 600? In so ruling:

a. Was it an abuse of discretion when the Trial Court exclusively set a rescheduled date for a non-jury trial proceeding four days past the mechanical run date?

b. Was it an abuse of discretion for the Trial Court to not exclude the time from the original non-jury trial date until the re-scheduled trial date where the Commonwealth's principal witness was unavailable due to military service and the defendant's trial counsel consented to the continuance?

c. Was it an abuse of discretion for the Trial Court to not exclude the time from the original plea proceeding to the original non-jury trial date?

II. Did the Trial Court abuse its discretion in finding that the Commonwealth failed to exercise due diligence in bringing this case to trial?

Commonwealth's Br. at 5 (suggested answers omitted).[4]

"In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion." Commonwealth v. Carter, 204 A.3d 945, 947 (Pa.Super. 2019) (quoting Commonwealth v.

_____

[3] The trial court did not order the Commonwealth to file a Rule 1925(b) statement. See Pa.R.A.P. 1925(b).

[4] The Commonwealth adds a third section to its brief, in which it argues it would be manifestly unjust to dismiss the charges against Davis, when Davis "was unavailable to his own defense counsel and in fact, was unaware of the rescheduled non-jury trial date." Commonwealth's Br. at 23. As Davis did not present this argument to the trial court, and did not include it in his Questions Presented, we decline to address it. See Pa.R.A.P. 302(a), 2116(a).

- 6 -

Bethea, 185 A.3d 364, 370 (Pa.Super. 2018)). We have described abuse of discretion as follows:

> Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

Id. (quoting Bethea, 185 A.3d at 370). Our scope of review is limited to the evidence of record from the Rule 600 hearing, which we view in the light most favorable to the prevailing party, and the trial court's findings. Bethea, 185 A.3d at 370.

Rule 600 provides that trial "shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). The Rule 600 inquiry has three steps. First, the court must determine the "mechanical run date" – that is, 365 days from the date of the filing of the complaint. Bethea, 185 A.3d at 371. Second, the court must determine whether any periods of delay are excludable. Id. If they are, we then "add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date." Id. (quoting Commonwealth v. Wendel, 165 A.3d 952, 956 (Pa.Super. 2017)). If the Commonwealth fails to bring the defendant to trial within the allotted time under Rule 600, the defendant may move to dismiss the charges with prejudice. Pa.R.Crim.P. 600(D)(1).

Excludable time for purposes of Rule 600 is any period of delay, except for delay attributable to the Commonwealth's failure to exercise due diligence.

Id. at (C)(1); see also Commonwealth v. Plowden, 157 A.3d 933, 937 (Pa.Super. 2017) (en banc). Thus, "[i]f the delay occurred as a result of circumstances beyond the Commonwealth's control and despite its due diligence, the time is excluded." Id. (quoting Pa.R.Crim.P. 600, Comment). "Due diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." Commonwealth v. Selenski, 994 A.2d 1083, 1089 (Pa. 2010). "[T]he Commonwealth must do everything reasonable within its power to guarantee that a trial begins on time," Commonwealth v. Colon, 87 A.3d 352, 359 (Pa.Super. 2014) (quoting Commonwealth v. Ramos, 936 A.2d 1097, 1102 (Pa.Super. 2007)), and it bears the burden of proving by a preponderance of the evidence that it exercised due diligence. Plowden, 157 A.3d at 941.

The Commonwealth first argues that the time between the March 1, 2016 and July 1, 2016 trial dates was excludable as "judicial delay," because "[n]either party was consulted by the trial court in the selection of the new date for a non-jury trial." Commonwealth's Br. at 15. The Commonwealth highlights that at the Rule 600 hearing, the trial court conceded that it selected the July 1 date, and that this might have been its earliest available date. The Commonwealth also argues the court should have ruled this period was excusable delay, as Trooper Greiner was unavailable due to military commitments beyond the Commonwealth's control. Id. at 20.

In addition, the Commonwealth contends the trial court abused its discretion in finding the Commonwealth did not act with due diligence when it failed to request an earlier date, as due diligence does not require the Commonwealth "to be aware of the trial court's entire docket when selecting a date for a non-jury trial." Id. at 16. The Commonwealth also argues it did not ask for a different date when scheduling trial or requesting a continuance because it did not know Trooper Greiner would only be available between March 20 and June 2. According to the Commonwealth, the court's finding that it did not act with due diligence is an "after-the-fact conclusion" that "creates new unrealistic obligations on the part of the Commonwealth to know the availability of all witnesses throughout the pendency of a criminal proceeding and to monitor scheduling dates selected by a trial court to ensure conformity with Rule 600." Id. at 20.

We find no abuse of discretion. Delay caused by the limitations of the court system, known as "judicial delay," is excluded from the Rule 600 time limit. See Bethea, 185 A.3d at 371 ("[J]udicial delay may serve as a basis for extending the period of time within which the Commonwealth may commence trial where the Commonwealth is prepared to commence trial prior to the expiration of the mandatory period but the court, because of scheduling difficulties or the like, is unavailable" (brackets and citation omitted)). For example, "where a trial-ready prosecutor must wait several months due to a court calendar, the time should be treated as 'delay' for which the

Commonwealth is not accountable." Commonwealth v. Mills, 162 A.3d 323, 325 (Pa. 2017).

However, time attributable to the normal progression of the case is not excludable. Id. The Commonwealth must therefore keep track of the progression of the case to ensure compliance with Rule 600. See Ramos, 936 A.2d at 1102 (holding due diligence "includes, among other things, listing a case for trial prior to the run date, preparedness of trial within the run date, and keeping adequate records to ensure compliance with Rule 600"); accord Commonwealth v. Sloan, 67 A.3d 1249, 1254 (Pa.Super. 2013). Where compliance with the Rule is a potential issue, due diligence requires the Commonwealth to be proactive and bring the scheduling problem to the court's attention. See Aaron, 804 A.2d at 44.

Given the foregoing, the trial court did not abuse its discretion in concluding the Commonwealth was not duly diligent regarding the delay between March 1 and July 1, 2016. While Trooper Greiner's absence on March 1 due to military leave may have been beyond the Commonwealth's control, the Commonwealth took no steps to determine, until the day before trial, the availability of its necessary witness.[5] Moreover, the Commonwealth provided no evidence that when it discovered the need for a continuance and requested a new trial date, it raised the Rule 600 issue to the court and requested the

---

[5] We note that although the trial court stated Trooper Greiner's "military schedule was well known and planned," Tr. Ct. Order at 6, there is no evidence of record establishing how far in advance the military notified Trooper Greiner of his schedule.

court schedule the trial before the run date. Nor did the Commonwealth alert the court of the issue after the court chose a new trial date falling after the run date. *See* N.T., 10/1/19, at 13 (Commonwealth's witness stating, "The only thing I did was present the continuance and then the date that was assigned was the date that was assigned"). Although the Commonwealth cannot control the court's schedule, or the military, due diligence requires the Commonwealth to do more than request a continuance without taking steps to attempt to ensure that any new trial date will not be after the Rule 600 deadline. That the trial court could not recall whether it had attempted to accommodate the half-day trial within the four-month period between March 1 and July 1 does not relieve the Commonwealth of its burden.

The Commonwealth further argues the court should have ruled this time excludable, because defense counsel consented to the continuance. Commonwealth's Br. at 15-16 (citing *Commonwealth v. Hunt*, 858 A.2d 1234 (Pa.Super. 2004) (en banc)). Where the Commonwealth requests a continuance, the delay is excludable if the defendant expressly consents and the record shows that the defendant made an "informed and voluntary decision" to waive Rule 600 rights. *Commonwealth v. Brown*, 875 A.2d 1128, 1134-35, 1137 (Pa.Super. 2005).[6]

_____

[6] *See, e.g., Hunt*, 858 A.2d at 1241 (holding delay due to Commonwealth's request to continue trial excludable where application listed specific trial date past run date and defendant's counsel signed the "consent" section of the application, without objection, in contrast to response to previous application).

- 11 -

Here, Davis's counsel advised the prosecutor that he had no objection to a continuance. However, nothing in the record shows any agreement by the defense to waive Rule 600. Counsel did not sign a Rule 600 waiver, did not state on the record at any time that he was waiving Rule 600, and, more importantly, as the Commonwealth's Application did not specify a new trial date, defense counsel did not have "no objection" to a specific date that exceeded the Rule 600 deadline.

Next, the Commonwealth asserts the time between the "pleader" hearing on February 12, 2016, and the first trial date of March 1, 2016, was excludable. Although the court considered this period as part of the "normal progression of a case," see Tr. Ct. Order at 2 n.1, the Commonwealth argues Davis caused this period of delay by electing to go to trial. In a footnote, the Commonwealth contends that the usual practice in Washington County is that when a defendant requests a non-jury trial, the defendant explicitly waives his rights under Rule 600, but that "[f]or unknown reasons, this practice was not followed in this matter." Commonwealth's Br. at 17 n.2. Although it does not also argue this period should be ruled judicial delay, the Commonwealth again asserts that the trial court, and not the Commonwealth, selected the date, and "it would be illogical for the Commonwealth to presume to be aware of all of the matters on the trial court's docket and the trial court's availability." Id. at 17.

The Commonwealth did not raise this argument before the trial court, and thus it is waived. See Pa.R.A.P. 302(a). In any event, the court did not

abuse its discretion in concluding this was not a period of "delay" for purposes of Rule 600. The "pleader" hearing was scheduled by administrative order, and the court noted that such a hearing is a routine part of the progression of a case. The Commonwealth does not assert that it was ready for trial on that date, and we cannot conclude that Davis somehow delayed the start of his trial by electing to go to trial. We are not saying that the Commonwealth had to be "aware of all of the matters on the trial court's docket and the trial court's availability." But, as the party with the duty under Rule 600, at the very least it could have let the trial court know of the impending Rule 600 deadline once it knew that the court had rescheduled trial after the deadline. See Aaron, 804 A.2d at 44. The court very well may have had time available before the deadline, and when the trooper was not away.

Ultimately, the Commonwealth argues the court erred in finding it did not act with due diligence because, "[n]owhere in the record is there any indication that the Commonwealth intentionally delayed this matter from proceeding." Commonwealth's Br. at 19. The Commonwealth points out that it took action starting a month before the July 1 trial date to ensure Trooper Greiner would be available to testify by telephone.

Intentional delay by the Commonwealth is not the yardstick for measuring due diligence under Rule 600. See Colon, 87 A.3d at 360. Rather, the Commonwealth bears the burden of proving that it "put forth a reasonable effort" to bring the defendant to trial before the deadline, regardless of the absence of any allegations of misconduct. Selenski, 994 A.2d at 1089. It did

not carry that burden in this case. The trial court therefore did not abuse its discretion in granting Davis's motion to dismiss, and we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2020