J-A24017-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY EDWARD THERRIEN | : | No. 1523 WDA 2019 |

Appeal from the Order Entered September 16, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0005429-2018

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED JANUARY 04, 2021**

The Commonwealth appeals from the order dismissing the charges against Jeffrey Edward Therrien pursuant to Pennsylvania Rule of Criminal Procedure 600. It alleges that the trial court abused its discretion when it found that the Commonwealth had not acted with due diligence in prosecuting the case against Therrien. We affirm.

The trial court set forth the procedural history of this case as follows:

> On March 16, 2018, a criminal information was filed by the Office [of] the Attorney General charging [Therrien] with twenty-eight (28) counts of child pornography, 18 Pa.C.S.A. § 6312(D) and one (1) count of criminal use of communication facility, 18 Pa.C.S.A. § 7512. The underlying facts are not germane to the disposition of the appeal, but briefly, the charges stem from media files retrieved from a computer seized during the execution of a search warrant. The preliminary hearing scheduled on March 27, 2018 was postponed by the Commonwealth[. The Commonwealth] received two (2) more continuances on April 10, 2018 and April 24, 2018 with the charges eventually waived to court on May 1, 2018 without any continuances by the defendant.

Formal arraignment occurred on June 28, 2018. . . . It was at this proceeding that the Commonwealth informed the court that discovery was outstanding and requested to schedule a status conference. Consequently, the trial date, which is customarily selected during pre-trial conference, was deferred by agreement of the parties until the status conference on August 29, 2018.

At the aforementioned status conference, the parties updated the court that plea negotiations were underway, but as there was no agreement[,] the case was listed for a jury trial for November 14, 2018. On the November trial date [Therrien] was granted a postponement citing [ongoing] plea negotiations and the ability to view an item of discovery as the reasons for the request. The Commonwealth consented by email and did not appear before the court. The case was scheduled as a plea.

On February 19, 2019, the day before the scheduled date, the defense again sought and received a continuance, indicating that the parties were close to reaching a plea. The Commonwealth indicated consent by phone and the case was relisted for April 4, 2019 as a plea. On April 1, 2019, the Commonwealth requested a postponement citing the sole reason as "an unexpected problem with one of the CDs provided in discovery". The court granted the continuance, indicating that the time was attributable to the Commonwealth and that no further postponements would be granted. The parties changed the listing from a plea to a jury trial and it was scheduled for July 9, 2019.

On June 28, 2019, the Commonwealth again asked the Court to continue the case stating that [Therrien] recently rejected a plea offer and that two (2) Commonwealth witnesses were unavailable. Both counsel were present for the presentation of the postponement and the court granted the request. This case remained listed as a jury trial with a new date of October 3, 2019 and with a motions date of August 29, 2019; this was scheduled to address [Therrien's] motion in *limine* filed on June 24, 2019, seeking to exclude photographs, arguing that they were inflammatory, and the motion to suppress filed on June 26, 2019, regarding evidence obtained from an automatic license plate reader.

On August 14, 2019[, Therrien] filed a motion to dismiss pursuant to Rule 600. . . .

Trial Court Opinion, 01/13/20, at 1-3 (footnotes and unnecessary capitalization omitted).

The trial court conducted a motions hearing on August 29, 2019, wherein it considered Therrien's Rule 600 motion. The hearing continued on September 16, 2019, after which the trial court granted Therrien's motion to dismiss. This timely appeal followed.

The Commonwealth raises one question on appeal:

> Whether the trial court abused its discretion by granting Therrien's motion to dismiss pursuant to Rule 600 because (a) Therrien's continuance requests and pretrial motions made him unavailable for trial where the Commonwealth exercised due diligence during the pendency of each motion, (b) the Commonwealth diligently proceeded during and after Therrien's continuance requests with the understanding that Therrien would enter a plea, and (c) after Therrien informed the Commonwealth that he would not enter a plea, the Commonwealth's trial witnesses had predetermined commitments that prevented them from appearing on July 9, 2019, a date on which a trial could not have commenced due to Therrien's outstanding motions, and thus the time from the filing of the Commonwealth's last continuance request until the court - scheduled trial date does not count against the Commonwealth under Rule 600?

Commonwealth's Br. at 3.

When presented with a speedy trial claim arising under Pennsylvania Rule of Criminal Procedure 600, our standard of review is well settled.

> In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly

unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

The proper scope of review is limited to the evidence on the record of the Rule [600] evidentiary hearing, and the findings of the [trial] court. An appellate court must view the facts in the light most favorable to the prevailing party.

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule [600]. Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule [600] must be construed in a manner consistent with society's right to punish and deter crime. In considering [these] matters . . ., courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Commonwealth v. Bethea*, 185 A.3d 364, 370 (Pa.Super. 2018) (citation and emphases omitted), *appeal denied*, 219 A.3d 597 (Pa. 2019). The Commonwealth bears the burden of proving, by a preponderance of evidence, that it acted with due diligence throughout the proceedings. *See Commonwealth v. Kearse*, 890 A.2d 388, 393 (Pa.Super. 2005).

Pennsylvania Rule of Criminal Procedure 600 provides that "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). However, in computing the Rule 600 deadline, we

do not necessarily count all time following the filing of the complaint. Rather, "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1).

The Rule 600 analysis thus entails three steps:

First, Rule 600(A) provides the mechanical run date. Second, we determine whether any excludable time exists pursuant to Rule 600(C). We add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date.

If the trial takes place after the adjusted run date, we apply the due diligence analysis set forth in Rule 600([D]). As we have explained, Rule 600[] encompasses a wide variety of circumstances under which a period of delay was outside the control of the Commonwealth and not the result of the Commonwealth's lack of diligence. Any such period of delay results in an extension of the run date. Addition of any Rule 600[] extensions to the adjusted run date produces the final Rule 600 run date. If the Commonwealth does not bring the defendant to trial on or before the final run date, the trial court must dismiss the charges.

**Commonwealth v. Wendel**, 165 A.3d 952, 956–57 (Pa.Super. 2017) (citation omitted).

In the instant case, the trial court found, and the parties agree, that the complaint was filed March 16, 2018, and the mechanical run date was March 16, 2019. Additionally, the court found that the time from November 13, 2018 through February 20, 2019, and from February 20, 2019 through April 4,

2019, was 143 days of excludable time attributable to defense continuances.[1] Accordingly, this created a Rule 600 adjusted run date of August 6, 2019. **See** Trial Ct. Op., at 5-6.

The Commonwealth argues that the trial court abused its discretion because it should have excluded the time from the filing of Therrien's pretrial motion in *limine*, on June 24, 2019, and his motion to suppress, on June 28, 2019, until the time of the trial court's dismissal of the charges. The Commonwealth argues that Therrien's pretrial motions made him unavailable for trial starting the day he filed the first pretrial motion, on June 24, 2019. The Commonwealth relies on **Commonwealth v. Hill**, 736 A.2d 578 (Pa. 1999), to argue that the time from the filing of the pretrial motions, and disposition of the same, should not count against it. The Commonwealth maintains that the motions delayed the commencement of trial, and it was diligent in opposing to the motions. **See** Commonwealth's Br. at 20-21.

Delay that occurs because of circumstances beyond the Commonwealth's control, and despite its due diligence, is "excusable delay" that extends the Rule 600 deadline. **See Commonwealth v. Preston**, 904 A.2d 1, 11 (Pa.Super. 2006) (*en banc*). "Due-diligence is a fact-specific

---

[1] The Commonwealth's brief states that Therrien's requested trial continuance commenced on November 14, 2018, and ended April 4, 2019, which would constitute 142 days of excludable time. However, as the trial court explained in its opinion, it calculated the time using the date the postponement was submitted and signed. **See** Trial Ct. Op., at 6 n.6. The Commonwealth has not argued that the trial court's calculations were in error; therefore, we shall accept the trial court's dates as set forth in its January 13, 2020 opinion.

concept that is determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." **Commonwealth v. Lynch**, 57 A.3d 120, 124 (Pa.Super. 2012) (quoting **Commonwealth v. Booze**, 953 A.2d 1263, 1273 (Pa.Super. 2008)). The Commonwealth bears the burden of proving by a preponderance of the evidence that it exercised due diligence. **See Kearse**, 890 A.2d at 393.

The trial court reasoned, "There is no *per se* rule that the filing of pre-trial motions makes a defendant unavailable." Trial Ct. Op., at 7 (citing **Hill**, 736 A.2d at 587). It explained that such time is excludable only if the pretrial motions delayed the start of trial, and the Commonwealth proved that it exercised due diligence in opposing or responding to the pretrial motions. **See id.**

Applying these precepts, the court then concluded that the time following the filing of the pretrial motions was not excusable. It explained that, concurrently with Therrien's pretrial motions, the Commonwealth had also sought and obtained a continuance of trial until after the Rule 600 deadline:

> Following the holding in **Hill** and viewing the facts in the light most favorable to [Therrien] who was the verdict winner, the Commonwealth did not satisfy its burden of establishing due diligence. The June 28, 2019 postponement submitted by the Commonwealth made no mention of the pre-trial motions, but indicated that it did not have the necessary witnesses for the July 9, 2019 trial date. There is no explanation as to why the Commonwealth was not prepared to move forward on the pretrial motions. Although the suppression motion required witnesses, the Motion in *Limine* involved strictly a legal question. Furthermore,

- 7 -

the Commonwealth did not file any written response or answer to any of the pending pre-trial motions prior to the August 29, 2019 hearing. In short, there was nothing offered by the Commonwealth during the evidentiary hearings of August 29, 2019 or September 16, 2019, or in the postponement form itself, or anywhere else in the record to satisfy even by a preponderance of the evidence that the Commonwealth exercised due diligence in opposing these pretrial motions, which it claims made the defendant unavailable.

*Id.* at 7-8 (emphasis omitted).

The trial court did not abuse its discretion when it declined to exclude the time from the filing of Therrien's pretrial motions until their disposition. As explained by our Supreme Court in **Hill**, "the mere filing of a pretrial motion by a defendant does not automatically render him unavailable. Rather, a defendant is only unavailable for trial if a delay in the commencement of trial is caused by the filing of the pretrial motion." **Hill**, 736 A.2d at 587. We agree with the trial court that, here, Therrien's motions did not delay the commencement of trial. Hence, we conclude that the trial court appropriately did not exclude the time from its Rule 600 calculations.

In its second argument, the Commonwealth also contends that the delay that its continuance request caused was excludable because its witnesses were unavailable for trial and it was duly diligent. The Commonwealth asserts that it exercised due diligence because it quickly asked for a new trial date upon learning that Therrien rejected the plea agreement.

Witness unavailability in some circumstances can constitute excusable delay. **See**, **e.g.**, **Wendel**, 165 A.3d at 957 (holding that time during officer's unavailability because of previously scheduled training was beyond

Commonwealth's control, and constituted excusable delay); ***Commonwealth v. Hunt***, 858 A.2d 1234, 1243 (Pa.Super. 2004) (*en banc*) (reasoning that postponement of trial because of unavailability of witness was out of Commonwealth's control); ***see also Commonwealth v. Hyland***, 875 A.2d 1175, 1191 (Pa.Super. 2005) ("The Commonwealth cannot be held to be acting without due diligence when a witness becomes unavailable due to circumstances beyond its control").

Here, however, the trial court found the facts of instant case distinguishable from those where witness unavailability constituted excusable delay. The court explained,

> There was no assertion by the Commonwealth during either evidentiary hearing that it had exercised due diligence by placing these two (2) witnesses under subpoena for the July 9, 2019 trial date. Based on the [Commonwealth's] repeated assertion that it believed the case would be a plea on the upcoming July 9, 2019 trial date, and statements that it proceeded diligently with this understanding, the court is without evidence thereof, and cannot assume that these witnesses were under subpoena in the present case. Accordingly, even if the witnesses had legally-recognizable excuses for being unavailable, there is no evidence that [the Commonwealth] made the necessary and reasonable effort of issuing subpoenas for the very witnesses it claims were unavailable.

Trial Ct. Op., at 9 (quotation marks and unnecessary capitalization omitted).

Upon review, we conclude that the trial court did not abuse its discretion when it found that the granting of the Commonwealth's motion for continuance was not excusable delay because of witness unavailability. Further, we agree with the trial court that asking for a continuance of a trial

date because the defendant failed to agree to a plea bargain and a trial may actually take place on the scheduled date, does not in itself constitute due diligence. Where compliance with the Rule is a potential issue, due diligence requires the Commonwealth to be proactive and bring the problem to the court's attention. **See Commonwealth v. Aaron**, 804 A.2d 39, 44 (Pa.Super. 2002) (*en banc*).[2] The record here shows only that the Commonwealth asked for the continuance. It contains nothing to suggest that it put the court on notice of the Rule 600 issue or otherwise took steps to attempt to comply with Rule 600. The Commonwealth's second argument in meritless.

Finally, in its third argument, the Commonwealth contends that judicial delay should have been responsible for some of the time[3] from June 28, 2019, until the trial date. It states that when the court scheduled the motions hearing for August 29, 2019, and the trial for October 3, 2019, it was not required to ask for any earlier date than the first available date, as provided by the trial court.

Delay caused by the limitations of the court system, known as "judicial delay," is excluded from the Rule 600 calculation. Judicial delay may serve as a basis for extending the Rule 600 deadline, "where the Commonwealth is

---

[2] **See also Commonwealth v. Smith**, 383 A.2d 1280, 1282 (Pa. 1978) ("When a case has possible Rule [600] problems, prosecutors must do everything reasonable within their power to see that the case is tried on time").

[3] The Commonwealth never establishes an exact period following the June 28, 2019 continuance that it claims is attributable to judicial delay.

- 10 -

prepared to commence trial prior to the expiration of the mandatory period but the court, because of scheduling difficulties or the like, is unavailable." ***Bethea***, 185 A.3d at 371 (brackets and citation omitted)). For example, "where a trial-ready prosecutor must wait several months due to a court calendar, the time should be treated as 'delay' for which the Commonwealth is not accountable." ***Commonwealth v. Mills***, 162 A.3d 323, 325 (Pa. 2017).

However, time attributable to the normal progression of the case is not excludable. ***Id.*** The Commonwealth must therefore keep track of the progression of the case to ensure compliance with Rule 600. ***See Commonwealth v. Ramos***, 936 A.2d 1097, 1102 (Pa.Super. 2007) (*en banc*) (holding due diligence "includes, among other things, listing a case for trial prior to the run date, preparedness of trial within the run date, and keeping adequate records to ensure compliance with Rule 600"); ***accord Commonwealth v. Sloan***, 67 A.3d 1249, 1254 (Pa.Super. 2013). Again, where compliance with the Rule is a potential issue, due diligence requires the Commonwealth to be proactive and bring the problem to the court's attention. ***See Aaron***, 804 A.2d at 44.

In the instant case, when the trial court rescheduled the trial to its first available date, the Commonwealth did not alert the court to any potential Rule 600 issue. ***See*** N.T. Hearing, 8/29/29, at 20. Accordingly, we agree with the trial court that the Commonwealth did not prove that it exercised due diligence during the period following the June 28, 2019 continuance. As such, we conclude that the court did not abuse its discretion when it found that delay

attributable to the Commonwealth, and granted Therrien's Rule 600 motion to dismiss because the Commonwealth had not brought Therrien's case to trial within the allocated time.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  01/04/2021